[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 99-2260

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2003
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-02250-CV-T-25C

JOSEPH CLOSE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

No. 99-2296

_____

D. C. Docket No. 93-00059-CR-T-25

JAMES T. ESTES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(July 8, 2003)**

Before ANDERSON and BIRCH, Circuit Judges, and PROPST[*], District Judge.

BIRCH, Circuit Judge:

Joseph Close and James Estes jointly appeal the dismissal of their motion to vacate, set aside, or correct their sentences, brought pursuant to 28 U.S.C. § 2255. Because their motions were filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), its provisions govern this appeal. We AFFIRM the district court's dismissal of the § 2255 motions as time-barred.

The following relevant dates are not in dispute. On 2 February 1995, Close and Estes were convicted in the Middle District of Florida of a number of federal offenses based on their participation in a telemarketing scheme. We affirmed those convictions in an unpublished opinion issued on 1 August 1997, and we issued the mandate in that case on 5 September 1997. Close and Estes filed an untimely motion in this Court to recall the mandate and for rehearing on 19 September 1997,

_____

[*] Honorable Robert B. Propst, United States District Judge for the Northern District of Alabama.

2

and that motion was summarily denied on 3 November 1997. Close filed a § 2255 motion on 2 November 1998, and Estes adopted his codefendant's motion on 14 December 1998. The district court dismissed their § 2255 motions as untimely, and both Close and Estes appeal that determination.

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence if the sentence was imposed in violation of the Constitution or laws of the United States or by a court without jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. The § 2255 motion must be filed within a one-year period running from the latest of four dates outlined in the statute; the only applicable date in our current case is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1).

Here, following trial, the defendants timely appealed to this court, and we affirmed their convictions. Neither defendant filed a timely petition for certiorari with the Supreme Court. In that circumstance, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, ____, 123 S.Ct. 1072, 1075 (2003). According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry

of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion. See Sup. Ct. R. 13(3). Here, we entered judgment on the appeal on 1 August 1997, and the appellants had until 90 days later, or 30 October 1997, to file a petition for certiorari. Close and Estes had one year from that date, until 30 October 1998, to file a motion for postconviction relief under § 2255. They did not file by that date, and the district court was correct to dismiss their motions filed several days later as untimely.[1]

Appellants take issue with the above calculation of dates.[2] First, they argue that their convictions did not become final until 4 December 1997, giving them until 4 December 1998 in which to file a motion for postconviction relief. They reach this deadline by asserting that they had 90 days from the date of *issuance of the mandate* in their direct appeal in which to file a petition for certiorari, and one year after that deadline in which to file a motion for postconviction relief. The

---

[1] The district court reasoned that the convictions of Clay and Estes had become final upon the filing of our mandate in the district court on 10 September 1997, giving them until 10 September 1998 in which to file a timely § 2255 motion. This reasoning is incorrect given the Supreme Court's decision in Clay, but "we may not reverse a judgment of the district court if it can be affirmed on any ground, regardless of whether those grounds were used by the district court." Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998) (per curiam). The district court reached the correct result, and we affirm on that basis.

[2] Some of the appellants' arguments do not even facially avail Estes, whose 14 December 1998 adoption of his codefendant's § 2255 motion is outside AEDPA's one-year limitations period even if calculated according to the procedures argued by the appellants. Though we discuss the arguments as if they would apply equally to both appellants, Estes' claim is complicated by his later adoption of Close's motion.

4

mandate was issued 5 September 1997, so, according to Close and Estes, they had until 4 December 1997 to file a petition for certiorari, and until 4 December 1998 to file a motion for postconviction relief. However, under Supreme Court Rule 13(3), the date of the issuance of the mandate is irrelevant for determining when a certiorari petition can be filed, and, therefore, irrelevant for determining finality under § 2255: "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Cf. Clay, 537 U.S. 522, ____, 123 S.Ct. 1072, 1075 (2003) (rejecting the idea that, when a federal prisoner does not seek certiorari, a conviction becomes "final" for purposes of § 2255 upon issuance of the mandate by the appellate court). As we calculate above, the convictions became final on 30 October 1997, 90 days following our entry of judgment on 1 August 1997 on their appeal.

Close and Estes also obliquely argue that the time for filing a petition for certiorari and, consequently, the time for filing a timely postconviction motion, was tolled during the pendency of a motion to recall the mandate and for rehearing of their direct appeal which they filed with our court on 19 September 1997. We denied that motion as untimely, and it is clear that only timely filed motions for rehearing will toll the time for filing a petition for certiorari (and, therefore, the

5

finality of the conviction).  See Sup. Ct. R. 13(3) ("[I]f a petition for rehearing is *timely* filed in the lower court . . . the time to file the petition for a writ of certiorari . . . runs from the date of the denial of the petition for rehearing.") (emphasis added).  Therefore, the pendency of the untimely motion for rehearing does not alter our above calculation.

Finally, appellants argue that even if the 90-day period for filing a petition for certiorari starts on the date of the entry of judgment by our Court on the direct appeal, the filing of a postconviction motion on 2 November 1998 was timely because it was filed on the Monday immediately following the expiration of the one-year AEDPA limitations period, which they contend occurred on Saturday, 31 October 1998.  Our calculations reveal that the 90-day period for filing a petition for certiorari expired on Thursday, 30 October 1997, and, thus, the AEDPA limitations period expired one year later, on Friday, 30 October 1998.  Because the limitations period expired on Friday, rather than over the weekend, Close and Estes were required to file any postconviction motion by the end of Friday rather than by the following Monday.

Based on our review of the record and our consideration of the arguments raised by the parties in their briefs, we find no reversible error.  The district court

properly dismissed the § 2255 petitions of Close and Estes as being filed after the one-year limitations period prescribed by AEDPA.

**AFFIRMED.**