[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10645
Non-Argument Calendar

_____

D. C. Docket Nos. 05-61386-CV-SH & 01-06140 CR-SH

THOMAS ALOYSIUS WARMUS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 19, 2007)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

In <u>United States v. Warmus</u>, 91 Fed.Appx 654 (Table)(11th Cir. 2004), we

affirmed petitioner's convictions on four counts of violations of 18 U.S.C. §§ 152(1), 152(7), and 157(3).[1]  Our mandate issued on April 12, 2004.  On August 12, 2005, petitioner, proceeding pro se, moved the district court to vacate, set aside, or correct his sentences, pursuant to 28 U.S.C. § 2255.  The district court denied his motion as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  We granted a certificate of appealability ("COA") on the issue of whether petitioner's § 2255 motion was properly dismissed as time-barred.  We concluded that it was and accordingly affirmed.

Petitioner and the Government agree that the district court, in determining the date on which his convictions became final, failed to account for the fact that after this court issued the opinion affirming his convictions, he filed a petition for rehearing.  He raises three additional points in asking us to find his § 2255 motion timely: (1) that if the date which triggered the one-year statute of limitations was the date his convictions became final, under § 2255 ¶6(1), his convictions did not become final until after the conclusion of a 60-day extension to file a certiorari petition had expired; (2) that the applicable triggering date for the statute of limitations should be the date on which unconstitutional government action that

---

[1]  Petitioner was sentenced to prison terms totaling 97 months.  He is presently incarcerated.

2

had impeded his ability to file a § 2255 motion was removed, pursuant to § 2255 ¶6(2); and (3) that he was entitled to equitable tolling between June 3, 2005 and early August 2005 because he was without his legal materials as he was transferred to a new prison.[2]

The AEDPA imposes a one-year statute of limitations for filing a § 2255 motion. Id.; 28 U.S.C. § 2255. The statute of limitations runs from the latest of the following trigger dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action . . . or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶6. Unless the movant filed a timely petition for certiorari with

---

[2] In his brief, petitioner asserts, in addition: (1) that we should apply the rule of lenity to 28 U.S.C. § 2255 and conclude that because the Supreme Court never denied him certiorari, his convictions never became final; (2) that his post-trial motions, concerning his special assessment and his ability to pay for copies of documents, and the appellate brief he filed to contest the district court's denial of those motions, should be construed as timely § 2255 motions; and (3) that a letter from the Supreme Court, which stated that the Court was "returning" his deficient application for an extension to file a petition for certiorari, was a denial of certiorari and set the triggering date for the statute of limitations. These arguments are without merit. Finally, he argues the merits of his § 2255 motion. We do not consider those arguments because they are outside the scope of the COA. Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1314 n.29 (11th Cir. 2005), cert. denied, 126 S.Ct. 2356 (2006).

3

the Supreme Court, the judgment of conviction becomes final once "'the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'" Close, 336 F.3d at 1284-85 (quoting Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003)). Because the Supreme Court requires a petition for a writ of certiorari to be filed within 90 days of the appellate court judgment, we have held that if a movant does not timely file his petition, his conviction becomes final 90 days after the appellate court enters judgment on the appeal "or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." Id. (citing Sup.Ct. R. 13.3). The clerk of the Supreme Court may "not file any petition for a writ of certiorari that is jurisdictionally out of time." Sup.Ct. R. 13.2. If the movant timely files a petition with the Supreme Court, the judgment is not final until the Supreme Court either denies the writ of certiorari or issues a decision on the merits. Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002).

Our opinion affirming petitioner's convictions issued on January 20, 2004. Accordingly, the district court concluded that after 90 days from that date, or on April 19, 2004, petitioner's convictions became final. The district court did not account for the fact that, on March 24, 2004, we denied petitioner's petition for rehearing. Although the district court erred, we do not reverse its judgment if the

4

district court's dismissal can be reconciled on other grounds.  <u>Close</u>, 336 F.3d at 1285 n.1.  From the date we denied rehearing, petitioner had 90 days, or until June 22, 2004, to file a <u>certiorari</u> petition with the Supreme Court.  Sup.Ct. R. 13.1.  Unless he had successfully filed such petition before June 22, 2004, his convictions became final on that date and he had one year, until June 23, 2005,[3] to file a § 2255 motion for postconviction relief.  28 U.S.C. § 2255; <u>Close</u>, 336 F.3d at 1285.

Petitioner argues that his § 2255 motion was timely filed, although it was not submitted until August 12, 2005,[4] because he applied to the Supreme Court for an extension in which to file a <u>certiorari</u> petition on June 10, 2004.  Supreme Court rules allow a Justice, for good cause, to "extend the time to file a petition for a writ of <u>certiorari</u> for a period not exceeding 60 days."  28 U.S.C. § 2101(c); Sup.Ct. R. 13.5.  An application for an extension must be filed 10 days before the petition is due, and "shall set out the basis for jurisdiction [in the Supreme Court], identify the judgment sought to be reviewed, include a copy of the opinion and any order respecting rehearing, and set out specific reasons why an extension of time is justified."  Sup.Ct. R. 13.5 and 30.2  "An application to extend the time to file a

---

[3]The statute of limitation begins to run on the day following the date that the conviction becomes final.  <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

[4]Under the "mailbox rule," the date a prisoner delivers a § 2255 motion or other filing to prison authorities for mailing is considered to be the date of filing with the court.  <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).

petition for a writ of certiorari is not favored." Id.

Petitioner asserts that because he attempted to file an application for a 60-day extension to file a petition for certiorari, his convictions did not become final for an additional 60 days, until August 22, 2004, and his § 2255 motion was timely filed within one year of that date. We have not previously held that by granting an extension for the time to file a certiorari petition, the Supreme Court also delays the date on which a conviction becomes final; such a result would be consistent with Close, however, in which we held that the judgment of conviction becomes final once "'the time expires for filing a petition for certiorari.'" Close, 336 F.3d at 1284-85 (quoting Clay, 537 U.S. at 525, 123 S.Ct. 1075). Regardless, because the Supreme Court did not grant petitioner's deficient application for an extension to file a petition for a writ of certiorari, his convictions became final 90 days after we denied his motion for rehearing, or on June 22, 2004. He had one year from that date, or until June 23, 2005, to file a § 2255 motion. His § 2255 motion was untimely filed on August 12, 2005, and thus was subject to dismissal as time-barred.

Petitioner advances two additional arguments that we find unavailing. First, he argues that the applicable triggering date was not the date on which his convictions became final, under § 2255 ¶6(1), but rather on the date a government

6

impediment was removed, under § 2255 ¶6(2).[5] The date on which a government impediment was removed will be the controlling triggering date if the movant shows that he was actually prevented from presenting the motion by an unconstitutional governmental action, that "was not 'reasonably related to legitimate penological interests.'" Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987)). According to petitioner, he was impeded from timely filing a § 2255 motion because the clerk of this court "delayed" in providing him with an additional copy of the court's opinion affirming his convictions, which he needed to file his application for an extension to file a certiorari petition with the Supreme Court. He has failed to allege how he was actually prevented from filing a § 2255 motion.[6] Any alleged impediments to filing a petition for certiorari were not relevant to whether he could have filed a § 2255 motion between August 2004, when the Supreme Court last returned his application for an extension, and June

---

[5] Petitioner also mentions in his brief that the statute of limitations should commence on the date the facts supporting his claim could have been discovered through the exercise of due diligence, under § 2255 ¶6(4). We do not consider that argument because he does not identify the facts on which his claim relies, or the date they could have been discovered through due diligence. See Farris v. United States, 333 F.3d 1211, 1215 n.3 (11th Cir. 2003) (noting that movant had failed to show evidence that he discovered a fact that supported his claim).

[6] In his § 2255 motion, petitioner alleges that he was impeded by the clerk of the Supreme Court, who allegedly failed to realize that he had filed a copy of all required opinions with his application for an extension to file a petition for certiorari. To the extent, if any, he raises this issue on appeal, the same rationale applies.

7

2005. Therefore, we conclude that the applicable triggering date for the one-year limitation period was the date that petitioner's convictions became final, June 22, 2004, and the one-year statute of limitations elapsed on June 23, 2005.

Lastly, petitioner indicates that he was transferred to another prison and was deprived of his legal materials between June 3, 2005 and early August 2005. Reading his pro se brief liberally, as we must, Gomez-Diaz, 433 F.3d at 791, that assertion raises the question of whether he is entitled to equitable tolling during the period in which he was without access to his legal materials. The statute of limitations in § 2255 can be equitably tolled where a movant "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Outler, 485 F.3d at 1280 (quotation omitted). The movant must establish both extraordinary circumstances and due diligence. Id. Equitable tolling is "an extraordinary remedy" that is applied sparingly, and the movant must establish his entitlement. Id. We have held that a movant was not entitled to equitable tolling, even though his prison was under lockdown and he was without his legal papers during the months prior to the time his limitation period elapsed, because the movant had seven months in which he could have filed his § 2255 motion before the lockdown occurred. Akins, 204 F.3d at 1089-90. Likewise, petitioner fails to provide an adequate explanation as to why he could

8

not have prepared and filed his § 2255 motion before he was transferred on June 3, 2005, only three weeks before the limitation period was set to expire. Thus, he has failed to establish that he is entitled to equitable tolling for the period he was without his legal papers.

For the reasons stated herein, we hold that the statute of limitations for the filing of a § 2255 motion for postconviction relief expired on June 23, 2005, and that petitioner is not entitled to equitable tolling.

**AFFIRMED.**