[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12240

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2012
JOHN LEY
CLERK

IN RE: MICHAEL PEREZ,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before PRYOR, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Michael Perez has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the

movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

In his application, Perez indicates that he wishes to raise two claims in a second or successive § 2255 motion. His first claim is that his counsel was ineffective during his plea-bargaining process. He asserts that the government offered him a deal for twelve years imprisonment in exchange for a guilty plea, but his counsel did not inform him of certain conditions of the offer, such as the expiration date of the offer and whether the offer could be adjusted by the government after he entered his guilty plea.

In support of this claim, Perez states that he is relying upon Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, ___ U.S. ___, 132 S. Ct. 1376 (2012), as new rules of constitutional law. See 28 U.S.C. § 2255(h)(2). In both Frye and Lafler, the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel under Strickland v.

2

Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984), extends to the

negotiation and consideration of plea offers that lapse or are rejected.[1]  See Frye,

132 S. Ct. at 1404–08; see also Lafler, 132 S. Ct. at 1384.  The Court specifically

held that counsel has a "duty to communicate formal offers from the prosecution

to accept a plea," and that, in general, where such an offer is not communicated to

the defendant, counsel "[does] not render the effective assistance the Constitution

requires."  Frye, 132 S. Ct. at 1408.  The Court also held that, in order to show

prejudice under Strickland's two-part test, a defendant must demonstrate a

reasonable probability that: (1) he would have accepted a plea offer but for

counsel's ineffective assistance; and (2) the plea would have resulted in a lesser

charge or a lower sentence.  Frye, 132 S. Ct. at 1409; see also Lafler, 132 S. Ct.

at 1391 (concluding that the defendant had met those two requirements).

In Frye and Lafler, the Supreme Court did not directly address whether its

holdings announced new rules of constitutional law or applied retroactively.  We

are persuaded, however, that Frye and Lafler did not announce new rules.  To

begin, the Supreme Court's language in Lafler and Frye confirm that the cases are

merely an application of the Sixth Amendment right to counsel, as defined in

---

[1]  Even before Strickland, the Court established that defendants are "entitled to effective assistance of competent counsel" during plea negotiations.  Lafler, 132 S. Ct. at 1384 (quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S. Ct. 1441, 1449 (1970)).

3

Strickland, to a specific factual context.  See Frye, 132 S. Ct. at 1409 (noting that its discussion involved an "application of Strickland to the instances of an uncommunicated, lapsed plea"); Lafler, 132 S. Ct. at 1384 (noting that "[t]he question for this Court is how to apply Strickland's prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial").  The Court has long recognized that Strickland's two-part standard applies to "ineffective assistance of counsel claims arising out of the plea process."  Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 370 (1985); see also Frye, 132 S. Ct. at 1405 (recognizing that Hill "established" that Strickland applies to ineffectiveness claims in the plea bargaining context).  The Court has also said that Strickland itself clearly establishes Supreme Court precedent for evaluating ineffective assistance of counsel claims under AEDPA.[2] Because we cannot say that either Lafler or Frye "breaks new ground or imposes a new obligation on the State or Federal Government," they did not announce new

---

[2]  See Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512 (2000) (holding that the rule of  Strickland, which establishes a case-by-case examination of the evidence test, is clearly established law that "can be hardly be said . . . breaks new ground or imposes a new obligation on the States" within the meaning of Teague) (quotation marks and citation omitted); id. (rejecting the notion that the Court's decision in Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838 (1993), "modified or in some way supplanted the rule set down in Strickland"); id. (recognizing, generally, that the "Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance of counsel claims"); see also In re Hutcherson, 468 F.3d 747, 749 (11th Cir. 2006) (noting that Rompilla v. Beard, 545 U.S. 374, 125 S. Ct. 2456 (2005), was an interpretation of Strickland, rather than a new rule of law).

4

rules. Teague v. Lane, 489 U.S. 288, 301, 109 S. Ct. 1060, 1070 (1989) (plurality opinion). Put another way, Lafler and Frye are not new rules because they were dictated by Strickland. See id. ("To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."). As a result, Perez's first claim does not meet the statutory criteria because Lafler and Frye did not announce new rules. See 28 U.S.C. § 2255(h)(2).

We observe that any doubt as to whether Frye and Lafler announced new rules is eliminated because the Court decided these cases in the post conviction context. See Frye, 132 S. Ct. at 1405; Lafler, 132 S. Ct. at 1383–84. Indeed, in Lafler, the Supreme Court held that the state court's decision was "contrary to clearly established law" under AEDPA. 132 S. Ct. at 1390. To be "clearly established federal law" within the meaning of AEDPA, the rule applied in Lafler must, by definition, have been an old rule within the meaning of Teague. See Williams, 529 U.S. at 380, 120 S. Ct. at 1506 ("It is perfectly clear that AEDPA codifies Teague to the extent that Teague requires federal habeas courts to deny relief that is contingent upon a rule of law not clearly established at the time the state conviction became final."). Under Teague, "habeas corpus cannot be used as a vehicle to create new constitutional rules of criminal procedure unless those

rules would be applied retroactively to <u>all</u> defendants on collateral review through one of the two exceptions we have articulated."[3]  489 U.S. at 316, 109 S. Ct. at 1078 (plurality opinion).   Consistent with this policy, the Court rarely, if ever, announces and retroactively applies new rules of constitutional criminal procedure in the postconviction context.  Cf. <u>Dodd v. United States</u>, 545 U.S. 353, 370–71, 125 S. Ct. 2478, 2489–90 (2005) (Stevens, J., dissenting) (observing that the Supreme Court has not, since <u>Teague</u>, recognized a new rule and made it retroactive within one year of recognizing it).  Given the general policy of not announcing or applying new rules of constitutional law in habeas proceedings reflected in <u>Teague</u> and AEDPA, it stands to reason that the holdings in <u>Frye</u> and <u>Lafler</u> do not constitute new rules of constitutional law.

Perez's second claim is that his counsel was ineffective for not requiring the prosecution to uphold its plea offer.  In support of this claim, Perez alleges that his decision to enter a plea was influenced by the prosecution's promise that it would force a trial and possibly not allow any of his family members to enter into a plea

---

[3]  A "new rule" will not be applied retroactively in federal habeas review of convictions and sentences that became final before the new rule was announced unless: (1) the rule is substantive, <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351–52, 124 S. Ct. 2519, 2522 (2004); or (2) the rule is a "'watershed rule[] of criminal procedure' implicating the fundamental fairness of the criminal proceeding." <u>Saffle v. Parks</u>, 494 U.S. 484, 495, 110 S. Ct. 1257, 1264 (1990) (quoting <u>Teague</u>, 489 U.S. at 311, 109 S. Ct. at 1076 (plurality opinion)).  We need not decide whether any of these exceptions apply because we conclude <u>Lafler</u> and <u>Frye</u> did not announce new rules.

6

agreement. He asserts that he was never told by counsel that the twelve-year offer was subject to change or expiration or "was simply not part of the sentence." Perez indicates that his second claim relies upon both Frye and Lafler as new rules of constitutional law. But we have, as noted above, concluded that these cases did not announce a new rule of constitutional law, but merely applied the Sixth Amendment right to counsel, as defined in Strickland, to a specific factual context. See also Williams, 529 U.S. at 391–93, 120 S. Ct. at 1512–13; Hutcherson, 468 F.3d at 749. Therefore, Perez's second claim does not meet the statutory criteria. See 28 U.S.C. § 2255(h)(2).

Because Perez has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255(h), his application for leave to file a second or successive motion is hereby DENIED.