# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2012

Lyle W. Cayce
Clerk

No. 12-40772

IN RE: RICHARD M. KING, JR.,

Movant

Motion for an order authorizing
the United States District Court for the Eastern
District of Texas to consider
a successive 28 U.S.C. § 2254 application

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:

Richard M. King, Jr., Texas prisoner # 810257, has filed a motion for authorization to file a successive 28 U.S.C. § 2254 application challenging his 1997 conviction for aggravated sexual assault of a child. King seeks to raise claims that counsel rendered ineffective assistance because she (1) improperly advised King to reject a plea offer of 20 years and (2) failed to inform him of a 12-year plea offer.

Before King may file a second or successive § 2254 application, he must show that his proposed claims rely on either new evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2244(b)(2), (b)(3)(C). He does not propose to assert any claim based on new evidence. Rather, King contends that two Supreme Court decisions, Lafler v. Cooper, 132 S. Ct. 1376

(2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), provide new rules of constitutional law that afford him relief. See § 2244(b)(2)(A).

However, we agree with the Eleventh Circuit's determination in In re Perez, 682 F.3d 930, 933-34 (11th Cir. 2012), that Cooper and Frye did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context. See United States v. Rich, 141 F.3d 550, 554 (5th Cir. 1998). King fails to make a prima facie showing that his proposed claims rely on new evidence or a new rule of constitutional law as required by § 2244(b)(2).

IT IS ORDERED that his motion for leave to file a second or successive § 2254 application is DENIED.