IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2013

## JOHNNY L. McGOWAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2003C2205     J. Randall Wyatt, Jr., Judge**

_____

**No. M2012-02490-CCA-R3-PC - Filed September 20, 2013**

_____

Pro se petitioner, Johnny L. McGowan, appeals the Davidson County Criminal Court's summary dismissal of his petition for post-conviction relief. On appeal, the Petitioner asserts that the statute of limitations should be tolled because his claim is based on a constitutional right that did not exist at the time of his plea, and further contends that the post-conviction court erred in failing to appoint counsel prior to dismissal. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROGER A. PAGE, JJ., joined.

Johnny L. McGowan, Pro se, on appeal, and Jon Wing, at trial, for the Defendant-Appellant, Johnny L. McGowan.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Amy Hunter, on appeal and James Douglas Sledge, at trial, Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

On September 23, 2005, the Petitioner entered a guilty plea to one count of aggravated assault. He received a sentence of eight years to be served consecutively to the sentence he was already serving in the Department of Correction. The Petitioner did not file a direct appeal. On September 21, 2007, the Petitioner filed a petition for writ of error coram nobis. The trial court dismissed the petition as time-barred, and this Court affirmed on appeal. State v. Johnny L. McGowan, M2007-02681-CCA-R3-CO, 2008 WL 4170273 (Tenn. Crim. App.

Aug. 5, 2008) perm. app. denied (Tenn. Oct. 27, 2008), perm. to rehear denied (Nov. 18, 2008).

On August 21, 2012, the Petitioner filed a petition for post-conviction relief in which he raised claims of ineffective assistance of counsel during the plea bargaining stage. Acknowledging that his petition fell outside of the one-year statute of limitations, the Petitioner asserted that his petition should be permitted under Tennessee Code Annotated section 40-30-102(b). The Petitioner argued that the recent United States Supreme Court decisions in Missouri v. Frye, 132 S. Ct. 1399 (2012), Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Martinez v. Ryan, 132 S. Ct. 1309 (2012), which were decided less than a year prior to the filing of his petition, established a new constitutional right requiring retroactive application. On October 31, 2012, the post-conviction court rejected the Petitioner's arguments and summarily dismissed the petition as untimely. On November 15, 2012, the Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court erred by summarily dismissing his petition as untimely. He maintains that Frye, Lafler, and Martinez established a new constitutional right not recognized at the time of the Petitioner's plea, and retroactive application is required. He further asserts that the post-conviction court improperly dismissed his petition without appointing counsel. The State responds that the post-conviction court properly dismissed the petition as untimely because the Petitioner failed to allege any basis for tolling the statute of limitations. The State asserts that the cases relied upon by the Petitioner did not announce a new constitutional right, but rather applied the well-established Sixth Amendment right to effective assistance of counsel at the plea bargaining stage. Upon review, we agree with the State.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). The Tennessee Supreme Court has held that "[a] post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise." Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006). Questions of law, however, are reviewed de novo with no presumption of correctness. Id.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2006). The statute explicitly states, "[t]he statute of limitations shall not be tolled for any reason, including any tolling or

saving provision otherwise available at law or equity." Id. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id.

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief, which includes when:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

To determine whether a case establishes a new right for constitutional purposes, the test is whether it "breaks new ground or imposes a new obligation on the States or the Federal Government," or whether it "was not *dictated* by precedent existing at the time the defendant's conviction became final." Oung v. State, No. M2010-02076-CCA-R3-PC, 2011 WL 6382546, at *2 (quoting Teague v. Lane, 489 U.S. 288, 301 (1989)). Similarly, courts consider "whether the rule was susceptible to debate among reasonable minds as evidenced by conflicting case law in different jurisdictions." Oung, 2011 WL 6382546, at *2 (citing Butler v. McKellar, 494 U.S. 407, 415 (1990) (internal quotations removed)).

This Court recently addressed whether Frye established a new constitutional rule in Robinson v. State, No. W2012-01401-CCA-R3-PC, 2013 WL 1858628, at *3 (Tenn. Crim. App. May 2, 2013). There, we concluded "that Frye did not announce a new rule of constitutional law to be applied retroactively," and cited numerous other courts that have reached the same conclusion when addressing this issue. Id. (citing Buenrosto v. United States, 697 F.3d 1137, 1139 (9th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012); In re Perez, 682 F.3d 930, 932 (11th Cir. 2012); Marcus Stovall v. United States, Nos. 1:12-CV-337, 1:02-CR-32, WL 392467, at *2 (E.D. Tenn. Jan. 31, 2013)). Our decision in Robinson is not altered by today's holding, and we further conclude that Lafler, likewise, does not establish a new constitutional right requiring retroactive application.

In Frye and Lafler, the Court held that a defendant's Sixth Amendment right to counsel is violated where counsel's deficient performance at the plea bargaining stage results in the defendant receiving a harsher sentence at trial. See Frye, 132 S. Ct. at 1404, 1410-11 (addressing attorney's deficient failure to inform defendant of a plea offer); Lafler, 132 S.

Ct. 1383, 1390-91 (addressing attorney's deficient advice to reject a plea offer). Contrary to the Petitioner's assertions, these cases do not mark the first time that the Court has addressed ineffective assistance of counsel at the plea bargaining stage, and do not establish a new constitutional right. Indeed, two terms after the Court's holding in Strickland v. Washington, 466 U.S. 668 (1984), the Court applied the Strickland test in the context of guilty pleas in Hill v. Lockhart, 474 U.S. 52, 58 (1985). There, the Court reasoned that "the same two-part standard seems to us applicable to . . . the plea process," and held, "therefore, that the [Strickland] test applies to challenges to guilty pleas based on ineffective assistance of counsel." Id. The recent holdings in Frye and Lafler applied the well-established Strickland test as extended to the plea process in Hill. See Frye, S. Ct. at 1409 ("This application of Strickland to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in Hill."); Lafler, 132 S. Ct. at 1384 ("The question for this Court is how to apply Strickland's prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial."); see also, Buenrostro, 697 F.3d at 1140 (observing that Frye and Lafler repeatedly noted the Court's application of well-established law to the facts presented); In re Perez, 682 F.3d at 933 ("Lafler and Frye are not new rules because they were dictated by Strickland."); Marcus Stovall, WL 392467, at *2 ("[N]either the Frye nor Lafler case constitute a new rule as they merely applied the Sixth Amendment right to effective assistance of counsel claims according to the test articulated in [Strickland] and established in the plea bargaining context in [Hill]."). We conclude, therefore, that Frye and Lafler did not announce a new constitutional right, and cannot establish a ground upon which to toll the statute of limitations under Tennessee Code Annotated 40-30-102(b)(1).

We decline to determine whether Martinez establishes a new constitutional right requiring retroactive application because the Petitioner has failed to provide a sufficient basis to make that determination. Nevertheless, Martinez cannot establish a ground upon which to toll the statute of limitations in the present case because it is inapplicable to the facts presented. Martinez's narrow holding concerns a procedural default based on ineffective assistance of counsel at the state collateral proceedings phase. See Martinez, 132 S. Ct. at 1313. There, the Supreme Court concluded that where ineffective assistance claims may only be raised in collateral proceedings, "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[1] Id. at 1320. The Court was careful to note the narrow nature of its holding, stating "this case does not concern attorney errors in other kinds of proceedings." Id. Here, the Petitioner's claims involve attorney errors at the plea bargaining phase, and thus, Martinez is inapplicable

---

[1] Martinez arose in Arizona, where state law allows claims of ineffective assistance of counsel to be raised only in state collateral proceedings rather than on direct review. 132 S. Ct. 1309, 1313 (2012).

to his petition. Therefore, <u>Martinez</u> cannot provide a basis in this case to justify tolling the statute of limitations under Tennessee Code Annotated 40-30-102(b)(1).

As previously noted, the Post-Conviction Procedure Act stresses that "time is of the essence" in filing for post-conviction relief. T.C.A. § 40-30-102(a) (2006). In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. <u>See</u> <u>id.</u> § 40-30-106(b). While the Petitioner correctly notes that the post-conviction court must take "as true" all facts alleged by the Petitioner, <u>see</u> Tenn. Code Ann. § 40-30-106(f), "[i]f and when a petition is competently drafted and all pleadings, files and records of the case conclusively show that the petitioner is entitled to no relief the court may properly dismiss the petition without the appointment of counsel or conducting a hearing." <u>Martucci v. State</u>, 872 S.W.2d 947, 949 (Tenn. Crim. App. 1993) (citing T.C.A. § 40-30-109; <u>Stokely v. State</u>, 470 S.W.2d 37, 39 (Tenn. Crim. App. 1971)).

Here, the Petitioner filed his petition for post-conviction relief on August 21, 2012, seven years after his conviction became final. Taking all allegations in his petition as true, the Petitioner has failed to provide a basis upon which to toll the statute of limitations. Therefore, because the Petitioner's petition does not fit within the exception outlined in Tennessee Code Annotated section 40-30-102(b)(1), it was properly dismissed by the post-conviction court without appointment of counsel or an evidentiary hearing.

## **CONCLUSION**

Upon review, we affirm the judgment of the post-conviction court.

_____

CAMILLE R. McMULLEN, JUDGE

-5-