[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14133
Non-Argument Calendar
_____

D.C. Docket Nos. 6:12-cv-00063-PCF-DAB,
6:97-cr-00001-ACC-DAB-13

DANIEL WERT,

                                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 15, 2015)

Before HULL, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Daniel Wert appeals, through counsel, the district court's denial of his 28 U.S.C. § 2255 motion to vacate, filed within one year of Lafler v. Cooper, 566 U.S. ___, 132 S. Ct. 1376 (2012), which alleged that his constitutional right to trial counsel under the Sixth Amendment was violated because he received ineffective assistance of counsel when his trial attorney failed to properly advise him about the government's pre-trial plea offer. After review of the record and briefs, we affirm.

## I. BACKGROUND

### A.    1997 Conviction and Sentence

In February 1997, in a superseding indictment, a federal grand jury charged Wert with conspiracy to possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court appointed attorney Charles L. Handlin III to represent Wert. Prior to trial, the government filed a 21 U.S.C. § 851 notice, notifying Wert that it would seek to enhance his sentence under § 841(b)(1) based on two prior felony drug convictions.

During the 14-day jury trial, the evidence showed that Wert participated in a large drug organization operating in Florida and Texas that, from early 1992 through December 1996, distributed an estimated 20,000 pounds of marijuana and at least 300 kilograms of cocaine. The evidence also showed that, at the direction

2

of the organization's leader, Wert murdered a co-conspirator, Eloy Benevides, in October 1993. In April 1997, the jury found Wert guilty as charged.

The Presentence Investigation Report ("PSI") recommended a guidelines range of life imprisonment based on a total offense level of 43 and criminal history category of IV. In particular, Wert received the maximum base offense level possible under the guidelines—43—based on the killing of Benevides, pursuant to U.S.S.G. § 2D1.1(d)(1), which required the application of U.S.S.G. § 2A1.1 because a victim was killed under circumstances that would constitute murder. In any event, Wert also faced a maximum sentence of life imprisonment based on his two prior felony drug convictions under § 841(b)(1). In July 1997, pursuant to the then-mandatory guidelines, the district court adopted the PSI's recommendations and sentenced Wert to life imprisonment.

**B.    1997-1998 Direct Appeal**

Wert appealed his conviction to this Court. On July 22, 1998, we affirmed, rejecting Wert's sole claim that the district court abused its discretion in admitting at trial evidence of Benevides's murder. United States v. Ridgeway, 152 F.3d 934 (11th Cir. 1998) (table).[1] Wert did not seek a writ of certiorari in the U.S. Supreme Court.

---

[1]While his direct appeal was pending, Wert filed pro se a six-page letter to the district court requesting removal of attorney Handlin as counsel and appointment of new counsel, alleging various reasons that he was dissatisfied with Handlin's representation. Notably, Wert

3

## C.    2012 § 2255 Motion

In January 2012, more than 13 years after his conviction became final, Wert filed pro se the instant § 2255 motion to vacate.  In his motion, Wert alleged three grounds for relief: (1) he received ineffective assistance of counsel when trial counsel Handlin failed to properly advise him concerning a plea offer that would have resulted in a lower sentence; (2) his sentence was unlawfully enhanced under § 841(b)(1) based on his prior drug convictions; and (3) his sentence was unlawfully enhanced based on Benevides's murder.

Following a response by the government, the district court dismissed the second and third claims as untimely filed 13 years later.  As to the first claim of ineffective trial counsel as to the alleged plea offer, the district court appointed Wert counsel and allowed him the opportunity to file an amended ineffective assistance claim addressing the timeliness of that claim given Lafler, 566 U.S. ___, 132 S. Ct. 1376.

Through counsel, Wert filed an amended § 2255 motion, arguing that Lafler rendered his § 2255 motion timely because, in that case, the Supreme Court had newly recognized a right retroactively applicable to cases on collateral review.  As to the merits of his ineffective assistance claim under Lafler, Wert attached an

---

did not mention any plea negotiations, any desire to have pled guilty, or any complaint with having gone to trial.  A magistrate judge denied the motion because the district court was divested of jurisdiction over the matter due to Wert's pending appeal.

affidavit in which he stated that, prior to trial, the government had indicated that it would "guarantee" him a sentence of less than life imprisonment if he provided information about three homicides.  However, Wert alleged, trial counsel Handlin incorrectly advised him that he would not be subject to a life sentence, and Wert therefore rejected the government's offer and proceeded to trial.  Wert alleged that, following his conviction, he was "ambushed" with a life sentence at sentencing, and that he would have accepted the government's offer if he had known that he faced a life sentence.

After a response by the government, the district court denied Wert's amended § 2255 motion on the ground that <u>Lafler</u> did not newly recognize a right and is not retroactively applicable in any event.  Wert timely appealed.

We granted Wert's motion for a certificate of appealability ("COA") on the following two issues:

> Whether <u>Lafler v. Cooper</u>, 566 U.S. ___, 132 S. Ct. 1376 (2012) applies retroactively to cases on collateral review; and

> If so, whether Mr. Wert's 28 U.S.C. § 2255 motion to vacate was timely filed within one year of that decision, pursuant to 28 U.S.C. [§] 2255(f)(3).[2]

---

[2]We recognize that the COA in this case, granted on two procedural issues, arguably is defective in that it does not also identify the underlying constitutional issue or issues for which the movant has satisfied the standard of making "a substantial showing of the denial of a constitutional right."  <u>See</u> 28 U.S.C. § 2253(c)(2), (c)(3); <u>Spencer v. United States</u>, ___ F.3d ___, No. 10-10676, 2014 WL 6234529 (11th Cir. Nov. 14, 2014).  However, the government has not raised the issue of a defective COA.  Although we could <u>sua sponte</u> raise the defective COA issue, we exercise our discretion not to do so because the <u>Lafler</u> retroactivity issue involves a constitutional dimension and requires us to answer two underlying, subsidiary issues of whether

5

## II.  STANDARD OF REVIEW

We review <u>de novo</u> the legal issue of whether a § 2255 motion is time-barred.  <u>Murphy v. United States</u>, 634 F.3d 1303, 1306 (11th Cir. 2011).

## III.  DISCUSSION

### A.    Statute of Limitations for § 2255 Motions

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a § 2255 motion.  28 U.S.C. § 2255(f).  Relevant here, the one-year statute of limitations begins to run from the latest of either: "the date on which the judgment of conviction becomes final," <u>id.</u> § 2255(f)(1), or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," <u>id.</u> § 2255(f)(3).

As to § 2255(f)(1), a conviction ordinarily becomes final after a direct appeal when the Supreme Court denies <u>certiorari</u> or when the 90-day period for filing a petition for <u>certiorari</u> expires.  <u>See</u> <u>Close v. United States</u>, 336 F.3d 1283, 1284-85 (11th Cir. 2003).

---

<u>Lafler</u> recognized a new constitutional rule involving the Sixth Amendment right to counsel or merely applied the existing Sixth Amendment constitutional rule already announced in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984), to a specific set of facts involving plea offers (as opposed to limiting that Sixth Amendment right to trial proceedings).

6

As to § 2255(f)(3), any court may determine whether a Supreme Court decision is retroactively applicable for the purposes of that provision.  See Dodd v. United States, 365 F.3d 1273, 1278 (11th Cir. 2004).  In considering whether a Supreme Court decision newly recognized a right that is retroactively applicable, we apply the rubric developed in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989).  Howard v. United States, 374 F.3d 1068, 1073-74 (11th Cir. 2004).

"Under Teague, a court must first answer whether the Supreme Court decision in question announced a new rule."  Figuereo-Sanchez v. United States, 678 F.3d 1203, 1207 (11th Cir. 2012).  As the Supreme Court explained in Teague, "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government.  To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."  489 U.S. at 301, 109 S. Ct. at 1070 (citations omitted).

If we conclude that the Supreme Court decision announced a new rule, we then must determine whether the new rule applies retroactively.  New substantive rules generally apply retroactively, while new rules of criminal procedure are generally not retroactively applicable on collateral review.  Schriro v. Summerlin, 542 U.S. 348, 351-52, 124 S. Ct. 2519, 2522-23 (2004).  An exception to the general rule of non-retroactivity for new rules of criminal procedure exists for

7

"watershed" rules that "require[] the observance of those procedures that are implicit in the concept of ordered liberty." Teague, 489 U.S. at 311, 109 S. Ct. at 1076 (quotations and alteration omitted); see also Schriro, 542 U.S. at 355, 124 S. Ct. at 2524.

**B.     The Supreme Court's Decision in Lafler**

In Lafler, the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), extends to the negotiation and consideration of plea offers that are rejected. See Lafler, 566 U.S. at ___, 132 S. Ct. at 1385. The Supreme Court held that, in order to show prejudice under Strickland's two-part test, a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; and (2) the plea would have resulted in a lesser charge or a lower sentence. Id. at ___, 132 S. Ct. at 1391.

Subsequently, in In re Perez, 682 F.3d 930 (11th Cir. 2012), this Court considered whether Lafler announced a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, for purposes of filing a second or successive motion to vacate under § 2255(h)(2). This Court held that Lafler did not announce a new rule of constitutional law because it merely was an application of the Sixth Amendment right to counsel, as defined in Strickland, to a specific factual context. Perez, 682 F.3d at 932. This Court further reasoned

8

that the Supreme Court had long recognized that <u>Strickland</u>'s two-part standard applied to ineffective assistance claims arising out of the plea process.  <u>Id.</u>  Applying <u>Teague</u>, this Court concluded that <u>Lafler</u> did not break new ground or impose new obligations on either the State or federal government, and its holding was dictated by <u>Strickland</u>.  <u>Id.</u> at 933.

## C.    Timeliness of Wert's § 2255 Motion

In this case, as an initial matter, Wert's § 2255 motion was untimely with respect to the 1998 date on which his judgment of conviction became final.  Specifically, his conviction became final when the time for seeking <u>certiorari</u> review of the decision in his direct appeal expired on October 20, 1998.  <u>See</u> <u>Close</u>, 336 F.3d at 1284-85.  Thus, Wert was required to file a § 2255 motion to vacate by October 20, 1999, such that his 2012 motion was untimely by more than 12 years.  Therefore, Wert's § 2255 motion is timely only if he can demonstrate that it was filed within one year of a Supreme Court decision newly recognizing a right that is retroactively applicable to cases on collateral review.  <u>See</u> 28 U.S.C. § 2255(f)(3).

Based on our precedent in <u>Perez</u>, we conclude that <u>Lafler</u> did not newly recognize a right for purposes of § 2255(f)(3).  <u>See</u> <u>Perez</u>, 682 F.3d at 932-33.  Although <u>Perez</u> was decided in the context of an application for a successive § 2255 motion to vacate, the <u>Teague</u> analysis we applied in <u>Perez</u>—to determine whether <u>Lafler</u> announced a new rule of constitutional law—is the same analysis

we apply to determine whether <u>Lafler</u> newly recognized a right for purposes of § 2255(f)(3). <u>Compare</u> <u>id.</u>, <u>with</u> <u>Figuereo-Sanchez</u>, 678 F.3d at 1207, <u>and</u> <u>Howard</u>, 374 F.3d at 1073-74. Because <u>Lafler</u> merely was an application of the established Sixth Amendment right to counsel, as defined in <u>Strickland</u>, to a specific factual context, and did not break new ground or impose new obligations on the government, we cannot say that it involved a newly recognized right within the meaning of § 2255(f)(3). <u>See</u> <u>Perez</u>, 682 F.3d at 932-33. As we conclude that <u>Lafler</u> did not involve a newly recognized right, we do not consider whether <u>Lafler</u> applies retroactively to cases on collateral review or whether Wert's § 2255 motion was timely filed within one year of the <u>Lafler</u> decision.

## IV.  CONCLUSION

For the above reasons, we affirm the district court's denial of Wert's § 2255 motion.

**AFFIRMED.**