[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12535

Non-Argument Calendar

_____

ANTHONY NEWSOME,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cv-01509-TPB-AAS

_____

Before WILSON, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Anthony Newsome, a Florida prisoner proceeding *pro se*, appeals the district court's order denying his motion for reconsideration, pursuant to Federal Rules of Civil Procedure 52(b), 59(b) & (e), and 60(b), of the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely. On appeal, Newsome contends that the district court erroneously found that his Florida Rule of Criminal Procedure 3.850 tolling motion was filed on May 13, 2016, the date on the prison date stamp that he initialed, rather than May 12, 2016, the date he certified, via a signed perjury declaration, that he hand-delivered the motion to prison authorities. Having read the parties' briefs and reviewed the record, we affirm the district court's order denying Newsome's motion for reconsideration.

## I.

We review *de novo* a district court's determination that a petition for habeas corpus relief is time-barred. *Nix v. Sec'y, Dep't of Corr.*, 393 F.3d 1235, 1236 (11th Cir. 2004). We may affirm for

any reason supported in the record. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012). A § 2254 petitioner has one year from the date on which the judgment against him became final to seek a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). That time period starts at the conclusion of direct review or the expiration of the time for seeking such review. *Id.* The time for seeking direct review of a criminal conviction does not expire until 90 days after entry of the judgment, which is the period for filing for *certiorari* with the United States Supreme Court. *Nix*, 393 F.3d at 1236-37; *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003). The Supreme Court can solely review judgments of a state court of last resort if the state court of last resort has denied discretionary review. *Gonzalez v. Thaler*, 565 U.S. 134, 154, 132 S. Ct. 641, 656 (2012). The Florida Supreme Court lacks discretionary review jurisdiction over unelaborated *per curiam* decisions. *Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006).

The limitations period can be calculated according to the anniversary method, under which the limitations period expires on the anniversary of the date it began to run. *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). If the last day of the limitations period is a Saturday, Sunday, or legal holiday, the time period continues to run until the next day. Fed. R. Civ. P. 6(a)(1)(C). The limitations period is tolled during state post-conviction proceedings. § 2244(d)(2). In Florida, a post-conviction appeal remains pending until the mandate on appeal is issued. *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000). We have counted the extra

day from a leap year in calculating tolling. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1070 n.12 (11th Cir. 2011) (equitable tolling).

Under the mailbox rule, a *pro se* prisoner's habeas filing is deemed filed the date it is delivered to prison authorities for mailing or, absent an indication of the mailing date, the day the inmate signed it. *Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020), *cert. denied sub nom. Paez v. Inch*, ___ U.S. ___, 141 S. Ct. 309 (2020). The Florida Supreme Court has adopted the mailbox rule for Rule 3.850 motions filed by *pro se* prisoners. *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992).

We review a district court's denial of a motion to reconsider for an abuse of discretion. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010). A motion for reconsideration cannot be used to relitigate old matters or raise arguments or present evidence that could have been raised prior to the entry of judgment. *Id.* A § 2254 petitioner who fails to raise issues in his appellate brief abandons those issues. *See Atkins v. Singletary*, 965 F.2d 952, 955 n.1 (11th Cir. 1992). We can consider an abandoned issue *sua sponte* if a forfeiture exception applies and extraordinary circumstances warrant review. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*), *petition for cert. filed* (U.S. May 17, 2022) (No. 21-1468).

## II.

21-12535                Opinion of the Court                5

A.  *Motion for Reconsideration*

Upon a review of the record, we conclude that the district court did not abuse its discretion in denying Newsome's motion for reconsideration because Newsome failed to make the appropriate showing for revisitation of the dismissal order.  As the district court found, the handwritten date on the certificate of service does not present newly discovered evidence nor does it demonstrate a manifest error of law or fact.  *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (noting these reasons for granting a motion for reconsideration).

Moreover, Newsome did not raise this specific argument, regarding the correct date of filing for his state post-conviction motion, until he filed his motion for reconsideration.  Initially, Newsome argued below that the district court erred in dismissing his habeas petition as untimely because he misunderstood the trigger date for filing timely federal habeas petitions.  As our court has noted "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. . .includ[ing] new arguments that were previously available, but not pressed."  *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks and citations omitted).  This is exactly what Newsome is attempting to do.  Accordingly, we conclude that the district court properly denied Newsome's motion for reconsideration.

B.  *Timeliness of Federal Habeas Petition*

Newsome's motion for state post-conviction relief contained a prison date stamp of May 13, 2016, accompanied by the initial of both a prison official and Newsome himself.  Per the mailbox rule, the motion was deemed filed on that date and tolled the one-year period.  The lapsed time restarted on June 9, 2017, one day after the appellate court's mandate issued on appeal of Newsome's state post-conviction motion.  At that time, Newsome had ten days remaining, or until June 18, 2017, to file a federal petition.  Because June 18, 2017, fell on a Sunday, he had until Monday, June 19, 2017, to file his petition.  Newsome provided his petition to prison officials for mailing on June 20, 2017, one day late.

A review of the record demonstrates that Newsome's federal habeas petition would have been untimely even using the earlier date of May 12, 2016, which he asserts is the proper date he filed his state post-conviction motion to toll the one-year limitations period.  His direct appeal was affirmed *per curiam* on February 20, 2015, and he had 90 days to file a writ of *certiorari* in the United States Supreme Court.  His convictions became final on that date.  *See Close*, 336 F.3d at 1285.  According to the anniversary method, absent any tolling, Newsome had one year from that date, or until May 21, 2016, to file a timely § 2254 petition.  *See Downs*, 520 F.3d at 1318.  Because that date fell on a Saturday, Newsome had until the following Monday, May 23, 2016, to file his petition.  If he filed his 3.850 state post-conviction motion on May 12, 2016, 357 days of the one-year limitation period had lapsed.  Moreover, 2016 was a leap year.  Thus, after the state appellate court issued its mandate

for its *per curiam* affirmance of the state trial court's order denying his Rule 3.850 motion on June 8, 2017, Newsome had nine days, or until Saturday, June 17, 2016, to file his § 2254 petition.  Because his limitations period expired on a Saturday, he had until the next Monday, June 19, 2017, to submit his federal habeas petition; however, he did not do so until June 20, 2017.  Thus, his petition was untimely.

The record demonstrates that the district court properly concluded that Newsome's federal habeas petition was untimely and dismissed it.  Thus, it did not abuse its discretion by denying Newsome's motion for reconsideration.  Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Newsome's motion for reconsideration of the district court's order denying his federal habeas petition because it was untimely filed.

**AFFIRMED.**