J. S12033/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID J. ADDAMS, | : | |
| | : | |
| Appellant | : | No. 1334 EDA 2014 |

Appeal from the PCRA Order April 2, 2014
In the Court of Common Pleas of Delaware County
Criminal Division No(s).: CP-23-CR-0001171-1997
CP-23-CR-0004347-1996

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED MARCH 12, 2015**

*Pro se* Appellant, David J. Addams, appeals from the order dismissing as untimely his serial[1] *pro se* petition filed pursuant to the Post Conviction Relief Act[2] ("PCRA"). Appellant contends a miscarriage of justice occurred, he was sentenced to an illegal sentence, and trial counsel was ineffective. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The PCRA court's opinion thoroughly explains the lengthy procedural history. In sum, for docket no. 1171-1997, the instant petition is Appellant's fourth, and for docket no. 4347-1996, the instant petition is his fifth. **See** PCRA Ct. Op., 9/9/14, at 12. The opinion is dated August 8, 2014, but was served on Appellant on September 9, 2014.

[2] 42 Pa.C.S. §§ 9541-9546.

We adopt the facts and procedural history set forth in the PCRA court's opinion. **See** PCRA Ct. Op. at 1-15. Appellant timely appealed from the order dismissing the instant petition and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

After a careful review of the parties' arguments, the record, and the decision of the Honorable Kevin F. Kelly, we affirm on the basis of the PCRA court's opinion. **See id.** at 23-33 (holding Appellant failed to timely file instant petition and invoke exception to PCRA time-bar; constitutional rights referenced by Appellant were not new). With respect to Appellant's claim of an illegal sentence, the PCRA petition must be timely filed. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Having discerned no abuse of discretion or error of law, we affirm the order below. **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267-68 (Pa. 2008).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/2015

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL

COMMONWEALTH OF PENNSYLVANIA   :   NOS. 4347-96 and 1171-97

         v.         :

DAVID ADDAMS         :

**Christopher J. Schmidt, Esquire – Deputy Attorney General for the Commonwealth**
**David Addams –** *Pro Se*

## OPINION

**Kelly, J.**                             **Date: August 8, 2014**

In the case docketed at No. 3197-96,[1] on December 19, 1996, following a jury trial before the late Honorable Kenneth A. Clouse, Defendant Addams was found guilty of Robbery, 18 Pa.C.S. § 3701, and related offenses arising from the armed robbery of a Burger King restaurant in Media, Delaware County. On February 5, 1997, the Defendant was sentenced by the presiding trial judge to eight and one half (8.5) through twenty (20) years imprisonment.

On March 6, 1997, in the prosecution docketed under No. 4347-96, following a jury trial once more before the Honorable Kenneth A. Clouse, the Defendant was again found guilty of Robbery, 18 Pa.C.S. § 3701, and related offenses, this time stemming from the armed robbery of a McDonald's restaurant in Ridley Township, Delaware County. On March 7, 1997, the presiding trial judge sentenced Defendant Addams to another term of eight and one half (8.5)

---

[1] Although the collateral filing at bar does not reference this case, No. 3197-96, nor does it appear that relevant to this matter (No. 3197-96) there are any currently outstanding Post Conviction Relief Act pleadings, this case (No. 3197-96) for purposes of affording a more complete and meaningful understanding of these matters' overall direct and collateral records is so referenced.

through twenty (20) years incarceration and directed that this sentence of the Defendant be served consecutive to that of case No. 3197-06 previously imposed (February 5, 1997).

In the matter docketed at No. 1171-97, on November 14, 1997, following a jury trial once again before the Honorable Kenneth A. Clouse, Defendant Addams was for a third time found guilty of Robbery, 18 Pa.C.S. § 3701, and related offenses, this instance arising from the armed robbery of a Swiss Farms store on South Chester Road, Springfield Township, Delaware County. The Defendant was sentenced on November 20, 1997, by the presiding trial judge to a third period of eight and one half (8.5) through twenty (20) years imprisonment with this term of incarceration directed to be served consecutive to those past imposed sentences of case Nos. 3197-96 and 4347-96.

Prior to the first two (2) trials regarding Nos. 3197-96 and 4347-96, Judge Clouse on November 18 and 20, 1996, presided over a consolidated suppression hearing, *inter alia,* relevant to a statement Defendant Addams gave to the police on the night of his arrest implicating himself in approximately eleven (11) robberies, including those of the Burger King, McDonald's and the Swiss Farms store, as well as certain physical evidence seized incident to the Defendant's arrest. The exclusionary motion was denied by order dated December 9, 1996.

Prior to trial in No. 1171-97, the Defendant also filed on July 29, 1997, a counseled Motion to Suppress that was substantially the same to that previously lodged in docket Nos. 3197-96 and 4347-96 and past decided by the court subsequent to the full hearing of November 18 and 20, 1996, via such an order of December 9, 1996. After determining nothing new and/or additional would be offered in support of this second, identical exclusionary challenge, the court denied this suppression motion without a further hearing, incorporating for record purposes the prior litigated, suppression proceeding (November 18 and 20, 1996).

2

Defendant Addams lodged timely Notices of Appeal to the Superior Court of Pennsylvania in Nos. 3197-96 and 4347-96 from the Judgments of Sentence and such were consolidated for purposes of direct appeal at Superior Court No. 1440 PHL 1997 and No. 1441 PHL 1997. By this combined appellate action, the Defendant contended, *inter alia,* that the police lacked probable cause to arrest him on March 27, 1996, in connection with the armed robberies of the Burger King and McDonald's restaurants and/or that the trial court should have suppressed the evidence seized from the Defendant's vehicle as well as the inculpatory statement made by Defendant Addams. On January 6, 1998, the Superior Court in both these cases affirmed the sentencing judgments. Reargument was denied on March 20, 1998. *See* Superior Court Nos. 1440 PHL 1997 and 1441 PHL 1997. Timely Petitions for Allowance of Appeal were filed and docketed in the Supreme Court of Pennsylvania at No. 323 MAL 98 and No. 324 MAL 98. Both Allowance of Appeal Petitions were denied by the Supreme Court on October 6, 1998. *See* Supreme Court Nos. 323 MAL 98 and 324 MAL 98.

Defendant Addams lodged a timely Appeal Notice to the Superior Court regarding his conviction in No. 1171-97 which was docketed at No. 395 PHL 1998 with the appellate court. This direct appeal again affirmed on January 21, 1999, the Judgment of Sentence. *See* Superior Court No. 395 PHL 1998. A Petition for Allowance of Appeal was resultantly filed and docketed in the Pennsylvania Supreme Court at No. 190 MAL 1999. The Supreme Court denied this petition on May 4, 1999. *See* Supreme Court No. 190 MAL 1999.

Defendant Addams was represented at trial in all three (3) cases by Edward Jay Weiss, Esquire. Throughout the direct appeal proceedings in cases Nos. 3197-96 and 4347-96 the Defendant was represented by Michael V. Puppio, Esquire. In matter No. 1171-97, Karen E. Friel, Esquire represented Defendant Addams related to the direct appellate proceedings.

3

On April 12, 1999, Defendant Addams filed his first *pro se* Motions for Post Conviction Collateral Relief (PCRA) regarding docket No. 3197-96 and docket No. 4347-96. In both these cases, G. Michael Green, Esquire was appointed by the court to represent the Defendant.

On November 15, 1999, Defendant Addams through his attorney lodged amended PCRA petitions in matters Nos. 3197-96 and 4347-96, *inter alia*, alleging that trial counsel was ineffective for the following purported omissions: Failing to object to the use and admission of Commonwealth Exhibit C-1, a Handwritten note that contained the description of a motor vehicle;[2] Failing to call certain witnesses; and/or Failing to conduct a reasonable investigation with respect to the charges filed against the Defendant. This amended, counseled pleading averred as well that material to case Nos. 3197-96 and 4347-96 appellate counsel, Michael V. Puppio, Jr. Esquire, was professionally incompetent.

On May 9, 2000, the court under docket Nos. 3197-96 and 4347-96 held an evidentiary hearing on the Defendant's counseled, amended PCRA petitions. Defendant Addams through his collateral lawyer presented the testimony of trial attorney, Edward Jay Weiss, Esquire, and the Defendant. Resultantly, on August 8, 2000, the court issued an order, including findings of fact and conclusions of law, denying the Defendant's collateral pleadings.

The Defendant's lawyer filed timely appeals to the Superior Court from the denial of these first PCRA motions (Nos. 3197-96 and 4347-96) and such were docketed at 3335 EDA 2000 and 3336 EDA 2000. These appeals were consolidated by the appellate court. On February 21, 2001, the Superior Court entered an order permitting G. Michael Green, Esquire to

---

[2] At the suppression hearing held on November 18 and 20, 1996, the Defendant raised the issue of this handwritten note's (Commonwealth Exhibit C-1) authenticity, and the prosecution relatedly presented the testimony of Officer Anne Bardo, Swarthmore Police Department, concerning the note's origin. As above stated, the trial court denied the note's evidentiary exclusionary per order dated December 9, 1996. This issue was again raised by Defendant Addams on direct appeal and the Judgments of Sentence in both cases (Nos. 3197-96 and 4347-96) were affirmed by the Superior Court on January 6, 1998. *See* Superior Court Nos. 1440 PHL 1997 and 1441 PHL 1997.

4

withdraw as counsel and allowing Defendant Addams to proceed *pro se*. Thereafter, by order dated September 19, 2001, the Superior Court affirmed the trial court's denial of the Defendant's initial collateral motions (Nos. 3197-96 and 4347-96). *See* Superior Court Nos. 3335 EDA 2000 and 3336 EDA 2000. Timely *pro se* Petitions for Allowance of Appeal were subsequently lodged and docketed in the Supreme Court of Pennsylvania at 860 MAL 2001 and 861 MAL 2001. Those petitions were denied on February 12, 2002. *See* Supreme Court Nos. 860 MAL 2001 and 861 MAL 2001. *See also Commonwealth v. Addams*, 788 A.2d. 1024 (Pa.Super. 2001)(Unpublished Opinion), *appeal denied*, 796 A.2d 313 (2002).

On April 8, 2002, Defendant Addams filed in case No. 3197-97 a second *pro se* PCRA petition. The Defendant on May 20, 2002, lodged an amended PCRA pleading again attacking the authenticity of Commonwealth Exhibit C-1 (Handwritten Note), an issue previously litigated by the Defendant both directly and collaterally. In this second PCRA filing, Defendant Addams also claimed that these concerns were grounded in newly discovered, exculpatory evidence.

On November 15, 2002, privately retained counsel, Robert A. Kurtz, Esquire, entered his appearance on behalf of the Defendant in matter No. 3197-96 and thereafter, on December 17, 2002, lodged two (2) amended PCRA petitions relative to the Defendant's second *pro se* collateral pleadings once more challenging Commonwealth Exhibit C-1 (Handwritten Note). The court pursuant to Pa.R.Crim.P. 907 notified Defendant Addams on June 4, 2003, of its intent to dismiss these various PCRA petitions without a hearing. Defense counsel filed a response to the court's dismissal notice on June 24, 2003. By an order dated July 1, 2003, and docketed July 3, 2003, the court in No. 3197-96 collectively dismissed Defendant Addams' second PCRA pleadings.

5

From the court's dismissal order (July 3, 2003), the Defendant's lawyer filed an appeal to the Superior Court of Pennsylvania on August 11, 2003, at docket No. 2657 EDA 2003. This appeal was quashed as untimely by the Superior Court via order dated November 13, 2003. *See* Superior Court No. 2657 EDA 2003.

On July 8, 2004, Defendant Addams through Robert A. Kurtz, Esquire in No. 3197-96 lodged another PCRA petition. On November 29, 2004, the court pursuant to Pa.R.Crim.P. 907 notified the Defendant of its intent to dismiss this PCRA filing absent a hearing. By order dated January 7, 2005, the court dismissed salient to No. 3197-96 the Defendant's third collateral relief pleading.

In February 2005, a Notice of Appeal was timely lodged at 370 EDA 2005 with the Superior Court of Pennsylvania from the trial court's January 7, 2005, dismissal order (No. 3197-96). On November 10, 2005, this appeal for failure to file an appellate brief was dismissed. *See* Superior Court No. 370 EDA 2005.

Although an issue previously litigated unsuccessfully both on direct appeal (Nos. 1440 EDA 1997 and 1441 EDA 1997) and in the Defendant's first, counseled collateral proceedings, Defendant Addams on April 8, 2002, lodged a second *pro se* PCRA petition in case No. 4347-96, yet again attacking Commonwealth Exhibit C-1 (Handwritten Note). On May 20, 2002, the Defendant acting *pro se* filed an amended PCRA petition once more taking issue with the authenticity of Commonwealth Exhibit C-1 (Handwritten Note). Defendant Addams also once again asserted that these claims arose from newly discovered, exculpatory evidence. On October 28, 2002, the court filed a Notice of Intent to Dismiss Amended PCRA Petition Without Hearing Pursuant to Pa.R.Crim.P. 907.

6

In his privately retained capacity, Robert A. Kurtz, Esquire on November 15, 2002, entered his appearance on the Defendant's behalf in matter No. 4347-96 and lodged a response to the court's dismissal notice. By order dated December 16, 2002, the court dismissed the Defendant's PCRA petitions. On December 17, 2002, just subsequent to the court having dismissed the pending PCRA filings, the Defendant's lawyer lodged another amended petition once again challenging Commonwealth Exhibit C-1 (Handwritten Note).

From the trial court's order of dismissal dated December 16, 2002 (No. 4347-96), Defendant Addams lodged a counseled, timely Notice of Appeal at 246 EDA 2003 with the Superior Court of Pennsylvania. The Superior Court on March 13, 2003, dismissed the Defendant's appeal pursuant to Pa.R.A.P. No. 3517 for failure to file a docketing statement. Reinstatement of this appeal was not sought. *See* Superior Court No. 246 EDA 2003.

On May 8, 2003, Defendant Addams filed his third PCRA petition under docket No. 4347-96 through counsel, Robert A. Kurtz, Esquire, alleging the same errors past litigated, and still again including an attack of Commonwealth Exhibit C-1 (Handwritten Note). The Defendant's attorney on September 22, 2003, lodged an amended PCRA petition. The court on November 14, 2003, pursuant to Pa.R.Crim.P. 907 filed a Notice of Intention to Dismiss these PCRA pleadings absent a hearing. The Defendant via his lawyer lodged on November 24, 2003, a response to the court's dismissal notice. On December 10, 2003, the court entered an order dismissing the Defendant's third PCRA petition (No. 4347-96). An amended order was entered on December 15, 2003, by the trial court concluding, *inter alia*, this third collateral challenge in case No. 4347-96 was untimely filed. *See generally* 42 Pa.C.S. § 9545.

On January 13, 2004, Defendant Addams lodged a timely *pro se* Notice of Appeal to the Superior Court of Pennsylvania at 409 EDA 2004 from the court's amended order dismissing his

7

third PCRA pleading (No. 4347-96). The Superior Court affirmed the dismissal of the Defendant's PCRA petition on February 2, 2005, concluding as well that this third collateral challenge was time barred. *See* Superior Court No. 409 EDA 2004. On February 28, 2005, Defendant Addams filed a *pro se* Petition for Allowance of Appeal to the Supreme Court of Pennsylvania at docket No. 185 MAL 2005. On July 26, 2005, the Supreme Court denied the Defendant's petition. *See* Supreme Court No. 185 MAL 2005.

On April 19, 2000, Defendant Addams in case No. 1171-97 lodged *pro se* his first Motion for Post-Conviction Collateral Relief (PCRA). For such purposes, G. Michael Green, Esquire was once again appointed by the court to represent the Defendant. On September 19, 2000, Defendant Addams through his lawyer filed an amended PCRA petition alleging that the trial counsel was incompetent for not undertaking complete pre-trial discovery and had such full discovery been completed exculpatory evidence would have been uncovered. This amended petition as well challenged the trial lawyer's stewardship for purportedly not interviewing certain law enforcement witnesses and also averred the possibility of newly discovered, exculpatory evidence based on a crime scene map.

G. Michael Green, Esquire was permitted to withdraw as defense counsel on February 21, 2001, and the court appointed Steven C. Leach, Esquire to represent the Defendant. On April 3, 2001, Steven F. O'Meara, Esquire was appointed counsel for Defendant Addams in connection with this PCRA pleading (No. 1171-97) and Mr. Leach withdrew as counsel. Thereafter on June 5, 2001, the court served notice on the Defendant that it intended to dismiss the amended petition without a hearing. On June 25, 2001, Mr. O'Meara lodged an "Application to Withdraw as Counsel" and a supporting "No Merit Letter." On July 6, 2001, the court granted Mr. O'Meara's

8

request to withdraw. By order dated July 9, 2001, the court dismissed in No. 1171-97 the Defendant's collateral petitions.

Defendant Addams filed a *pro se* timely Notice of Appeal to the Superior Court of Pennsylvania at docket No. 2212 EDA 2001 from the trial court's dismissing his PCRA pleadings in No. 1171-97 via its order of July 9, 2001.

The trial court issued its opinion on December 19, 2001, in support of dismissing the Defendant's amended PCRA petition under No. 1171-97, *inter alia*, concluding that the issues raised by Defendant Addams were previously litigated by appellate counsel on direct appeal and addressed in the resulting memorandum opinion of the Superior Court (395 PHL 1998) filed January 21, 1999, by which it affirmed the Judgment of Sentence. *See* Superior Court No. 395 PHL 1998. Alternatively, the trial court also found these same issues were past decided by the Superior Court per its memorandum opinion of September 19, 2001, under No. 3335 EDA 2000 and No. 3336 EDA 2000 in connection with the Defendant's appeal from the denial of his post conviction petitions salient to Nos. 3197-96 and 4347-96. *See* Superior Court Nos. 3335 EDA 2000 and 3336 EDA 2000. *See also Commonwealth v. Addams*, 711 A.2d 1037 (Pa.Super. 1998)(Unpublished Memorandum Opinion).

On November 8, 2002, the Superior Court affirmed the dismissal of the PCRA pleading material to such a first filing in case No. 1171-97. Defendant Addams lodged an Application for Re-Argument which the appellate court denied on January 21, 2003. The Defendant on February 18, 2003, filed a *pro se* Petition for Allowance of Appeal at docket No. 383 MAL 2003 with the Pennsylvania Supreme Court. The Supreme Court denied this petition by order dated November 19, 2003. *See* Supreme Court No. 383 MAL 2003.

9

On December 31, 2003, Robert A. Kurtz, Esquire entered his appearance for Defendant Addams in case No. 1171-97 and lodged a second PCRA petition yet once more challenging the validity of Commonwealth Exhibit C-1 (Handwritten Note). The court on April 15, 2004, noticed its intent to dismiss this PCRA filing without a hearing based on this second collateral petition's untimeliness. The Defendant's attorney lodged a response to this dismissal notice. On May 13, 2004, the court dismissed the Defendant's second PCRA pleading absent a hearing (No. 1171-97).

Defendant Addams filed a counseled, timely appeal to the Superior Court of Pennsylvania docketed at 1649 EDA 2004. On November 4, 2005, the Superior Court entered an order affirming the court's dismissal of this second PCRA petition (No. 1171-97). *See* Superior Court No. 1649 EDA 2004. No Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was pursued.

On December 27, 2007, Defendant Addams contemporaneously lodged in Nos. 3197-96, 4347-96 and 1171-97 individual *pro se* PCRA motions. While these pleadings were separate and discrete filings, each one's averments were substantially similar. Michael F. Culp, Esquire was court appointed to represent the Defendant. The court by order of March 13, 2008, allowed Mr. Culp to step aside and Lisa M. Haly, Esquire was appointed the Defendant's representation. Thereafter, via order dated June 2, 2008, the court permitted Ms. Haly to withdraw as counsel and Dennis W. McNamara, Jr., Esquire was appointed stewardship of Defendant Addams' interests. The court was constrained to allow Mr. McNamara by order of July 14, 2008, to stand aside and Stephen D. Molineux, Esquire was appointed to represent the Defendant material to the pending collateral filings.

10

On April 28, 2009, Mr. Molineux filed an "Application to Withdraw Appearance" and supporting "No Merit Letter," as supplemented by his later correspondences of June 23, 2009, and August 28, 2009, necessitated by the Defendant's three (3) subsequent *pro se* filings. (May 11, 2009 – Motion for Immediate Hearing to Stay Proceedings; May 18, 2009 – Motion to Strike No Merit Letter and Remove From the Record; and June 12, 2009 – Petition Requesting to Supplement PCRA and Withdraw Issues Filed in December 2007 PCRA Petition).

By his *pro se* Petition Requesting to Supplement PCRA and Withdraw the Issues Filed in the December 2007 PCRA Petition, Defendant Addams acknowledged that all claims set forth in his then pending *pro se* Motions for Post Conviction Collateral Relief were without merit. *See* Petition Requesting to Supplement PCRA Petition (June 12, 2009), Paragraph Nos. 2, 6 and 7.

By this same Petition Requesting to Supplement PCRA Petition (June 12, 2009), the Defendant as well seemingly attempted to maintain what he characterized as a "miscarriage of justice claim" grounded in averments that he did not testify in any of the trials and that he was not made aware by either his trial lawyer and/or the court of his right to present such evidence.[3] In support of his efforts to advance this claim and implicitly recognizing the belated nature of these collateral petitions, the Defendant further averred that despite the supposed exercise of due diligence and the various past direct as well as collateral litigation stemming from his decade-old convictions involving his being represented by at least five (5) different attorneys beyond trial counsel, he had only realized these circumstances within sixty (60) days of this pleading's filing.

---

[3] Related to this claim he was unaware of his right at trial to testify, the Defendant confusingly alleged initially that the court's charge to the jury did not include an instruction material to the Defendant exercising his prerogative not to make a testimonial appearance, but then went on to suggest in the very same paragraph that such was part of the court's final jury instruction. *See* Petition Requesting to Supplement PCRA Petition. (June 12, 2009), p. 4.

11

By order of December 30, 2009, the court granted Mr. Molineux's withdrawal application and relatedly gave notice of its intention to dismiss the Defendant's collateral pleadings. (Nos. 3197-96, 4347-96 and 1171-97).

The court pursuant to such past of record notice via order dated February 8, 2010, dismissed the Defendant's outstanding collateral pleadings (Nos. 3197-96, 4347-96 and 1171-97). (Motions for Post Conviction Collateral Relief; Motion for Immediate Hearing to Stay proceedings; Motion to Strike No Merit Letter and Remove from Record; and Petition Requesting to Supplement PCRA and Withdrawal Issues. Filed in December 2007 PCRA Petition.)

Defendant Addams *pro se* on February 18, 2010, lodged a timely Notice of Appeal to the Superior Court of Pennsylvania at No. 495 EDA 2010 from the trial court's February 8, 2010, dismissal order.

By its opinion of May 25, 2010, *inter alia*, the trial court concluded that it was without jurisdiction to consider the Defendant's 2007 – 2009 collateral lodgings as the same failed to aver any material facts to suggest let alone properly invoke a recognized exception to the Post Conviction Relief Act's one (1) year filing mandate. *See* Trial Court Opinion dated May 25, 2010. *See also* 42 Pa.C.S. § 9545(b)(1)(2)(3).

The Superior Court by memorandum opinion filed on February 24, 2011, affirmed the dismissal without a hearing of the Defendant's 2007 – 2009 collateral pleadings. *See* Superior Court Opinion, No. 495 EDA 2010.

Defendant Addams lodged collectively in the above-captioned matters his Motion for Post Conviction Collateral Relief on or about May 27, 2012, and filed his Supplemental to the Motion of Post Conviction Collateral Relief on or about June 25, 2012. Salient to case No.

12

4347-96, these pleadings were the Defendant's fifth collateral lodgings and his fourth such collateral filings regarding matter No. 1171-97.

By his most recent PCRA motions, the Defendant generally averred a violation of federal and/or state constitutional rights which in the circumstances of these cases so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place, and/or that his trial lawyer's alleged incompetence under these matters' particular circumstances similarly so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have occurred. *See* Defendant's Motion, p. 2. More specifically, Defendant Addams attacked trial counsel's stewardship claiming that his attorney was ineffective for purportedly not having advised him of some Commonwealth plea offer and/or that that his trial lawyer did not provide him competent counsel regarding any such prosecution plea offer. *See* Defendant's Motion, p. 3. In support of this sole collateral claim and as he further detailed by his Supplemental to the Motion for Post Conviction Collateral Relief, the Defendant cited the United States Supreme Court decisions of *Lafler v. Cooper*, 132 S.Ct. 1376 (U.S. 2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (U.S. 2012). *See* Defendant's Motion, p. 3 and Defendant's Supplemental Motion, pp. 1, 2, 4, 5, 8, 9. Defendant Addams' most current PCRA filings advanced no other collateral challenges. *See* Defendant's Motion and Defendant's Supplemental Motion.

The Commonwealth's Answer to Serial Post Conviction Relief Act (PCRA) Petition was filed on or about June 26, 2012, and largely argued that the instant collateral lodgings were untimely and did not aver any exceptions to the Post Conviction Relief Act's otherwise one (1) year filing deadline. *See* Commonwealth's Answer, pp. 5-6.

13

By his *pro se* Response to the Commonwealth's Answer to Serial Post Conviction Relief Act (PCRA) Petition lodged on or about July 10, 2012, Defendant Addams took issue with what he seemingly believed to be the prosecution's argument that his collateral claim at bar had been past litigated. *See* Defendant's Response.

Per such an order dated July 12, 2012, Stephen D. Molineux, Esquire was again for these cases' collateral proceedings appointed to represent the Defendant and instructed to file an Amended PCRA order. The court via order dated November 15, 2012, granted defense counsel an Extension of Time to File Amended PCRA.

On December 14, 2012, Mr. Molineux filed a "Motion to Withdraw Appearance" and supportive "Mo Merit Letter." *See* "Application to Withdraw" "No Merit Letter." By order of December 30, 2013, the court granted Mr. Molineux's withdrawal application and entered a related Notice of Intent to Dismiss Without a Hearing. *See* Order and Dismissal Notice dated December 30, 2013. Defendant Addams filed on January 15, 2014, a *Pro Se* Response to Commonwealths [*sic*] Notice of Intent to Dismiss Pursuant to Rule 907. Absent even a request for such leave of court, the Defendant advanced by his Response and appended Memorandum of Law additional claims wholly unrelated to the singular collateral challenge his original and supplemental PCRA motions raised, including but not limited to the following: A seemingly generalized "Miscarriage of Justice" claim; and A compulsory joinder and/or a double jeopardy bar to multiple trials.[4] *See* Defendant's Response. The Defendant's Response did not in any

---

[4] Defendant Addams asserts that his three (3) separate trials resulted from the Commonwealth having filed and the presiding trial judge having granted a prosecution's severance application. *See* Defendant's Response – Memorandum of Law, p. 14. From this court's review of the material record, the severing of the Defendant's multiple then pending robbery cases not surprisingly stemmed from such a defense motion.

On or about December 12, 1996, a Supplemental Omnibus Pre-Trial Motion was lodged and the court on that same date entered a rule to show cause listing a resulting hearing for December 16, 1996. By order dated December 20, 1996, the motion was granted and the trials severed. *See* Defendant's Response – Exhibit C. In sum, the

14

manner take issue with his most recent collateral counsel's stewardship. *See* Defendant's Response. The court per order dated April 2, 2014, dismissed the Defendant's most recent collateral pleadings. *See* Order dated April 2, 2014.

On April 24, 2014, the Defendant lodged a timely *pro se* Notice of Appeal. *See* Notice of Appeal. The court by order of April 28, 2014, instructed Defendant Addams to file a Concise Statement of Matters Complained of on Appeal. *See* Order dated April 28, 2014. Responding to this order (April 28, 2014), Defendant Addams timely *pro se* lodged on May 12, 2014, a Statement of Matters Complained of on Appeal raising the six (6) below assignments of error.

*I. Did the (PCRA) Court err, and commit reversible error, when it failed to recognize that a plausible issue of Constitutional Law exists within the unlawful prosecution and subsequent conviction of the petitioner therefore, lending credence to the petitioner's assertion that a "Miscarriage of Justice" exists within the petitioner's conviction, thus, rendering the time-bar requirement moot?*

*II. Did the (PCRA) Court err, and commit reversible error, when it dismissed the petitioner's application for collateral relief without the benefit of an evidentiary hearing to properly assess the merits of the petitioner's assertion that a "Miscarriage of Justice" exists within the petitioner's conviction?*

*III. Did the (PCRA) Court err, and commit reversible error, when it failed to recognize that the petitioner's assertion that he is serving an illegal sentence, predicated upon a finding of double jeopardy, was a plausible and valid reckoning for the requested correction of sentence within his petition, and the (PCRA) Court having the wherewithal to correct it?*

*IV. Did the (PCRA) Court err, and commit reversible error, when it failed to recognize that the petitioner is serving an illegal sentence of the court that is further determinative of a "Miscarriage of Justice", which can be lawfully presented to the court at any time prior to the conclusion of the sentence without any stautorial [sic] restrictions?*

---

Defendant's trial counsel understandably sought and secured multiple trials so that Defendant Addams would not be jointly tried for multiple armed robbery allegations during which the Commonwealth would present the totality of his taped statement to Detective Lawrence G. Hughes, Delaware County Criminal Investigation Division, that he and his co-defendants had robbed at gun point approximately ten (10) different stores about Delaware County. *See* Defendant's Response, Exhibit A-1. Flowing from the defense granted severance request, the presiding judge limited the prosecution at trial to eliciting during Detective Hughes' testimony just that portion of Defendant Addams' statement acknowledging his commission of only the robbery at issue. *See* Defendant's Response – Exhibit E-1-3.

15

*V. Did the (PCRA) Court err, and commit reversible error, when it failed to recognize that trial counsel was ineffective and further denied his client due process of the law, during the attorney-client relationship, at all stages of his trial?*

*VI. Was (PCRA) appointed counsel ineffective for failing to recognize that the petitioner's assertion within his (PCRA) petition were a lawfully recognized reckoning of both Constitutional and criminal law, that would warrant relief within his petition and regardless, effectively abandoned his clients [sic] legal interests without the benefit of a proper investigation into the matter and in the furtherance of effective representations?*

Foremost, the vast majority of the Defendant's appellate complaints with the exception of those modest few, if any, that challenge this court's dismissal of the originally averred collateral claim that related to plea negotiations and/or some prosecution plea offer his trial attorney was ineffective should be deemed for review on appeal waived. *See* Defendant's Motion and Defendant's Supplemental Motion.

Defendant Addams' six (6) error assignments fail to contain any particularity or adequate level of detail that would permit this court to respond by any means other than guesswork. *See* Statement of Matters Complained of on Appeal. The Defendant avers sweeping legal assertions without context and absent any reasonably specific evidentiary and/or relevant record references as to what Defendant Addams is challenging on appeal, such as " ... the (PCRA) court ... failed to recognize that a plausible issue of Constitutional Law exists ... ;" assertions of "unlawful prosecution;" "Miscarriage[s] of Justice;" "illegal sentence[s];" "double jeopardy" violations; and denials of "due process." *See* Statement of Matters Complained, Nos. I-V. This wholesale omission by Defendant Addams to articulate with even modest particularity the case record circumstances on which the overwhelming majority of error assignments are grounded constrains this court in its opinion to speculate and make in effect the Defendant's arguments. As the Superior Court in *Commonwealth v. Mann* previously recognized:

16

Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. *Id.* 804 A.2d at 37. 'When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.' *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa.Super. 2011). *'When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.'* *In re Estate of Daubert*, 757 A.2d 962, 963 (Pa.Super. 2003). ... Appellant's claim was not specific enough to allow the trial court the opportunity to address the claim that he is now raising on appeal. ... Accordingly, we find this issue to be waived.

*Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003)(Emphasis added).

Pennsylvania Rule of Appellate Procedure 1925 provides "[t]he Statement [of appellate complaints] shall concisely identify each ruling or error that the appellant intends to challenge with *sufficient detail to identify all pertinent issues* for the judge." Pa.R.A.P. 1925(b)(4)(ii) (Emphasis added.) Defendant Addams' general assertions do not offer the explanatory detail reasonably needed for this court to fairly discern that which he complains about on appeal, excepting its dismissal and the underlying reasons therefore of the present PCRA motion's singular claim that in the context of plea negotiations and/or relative to the Defendant's considering some prosecution plea offer trial counsel was professionally incompetent. *See* Statement of Matters Complained, Nos. I-V.

Moreover, the Defendant's generalized ambiguity found in the appreciable bulk of his error assignments is compounded by these cases' lengthy and exhaustive record stretching back over eighteen (18) years and consisting of four (4) prior PCRA filings and five (5) past appeals. Stemming from such an extensive record, the Defendant's failure to adequately particularize his error assignments leaves this court to puzzle over as to which part of such a considerable multiple case, direct and collateral record the Defendant could be referencing on this most recent

17

appeal. These appellate challenges should thus be seen as waived. *Commonwealth v. Mann supra* 820 A.2d at 794, *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

As it relates to any of the error assignments beyond those appellate complaints regarding the dismissal of the challenge to trial counsels action(s) and/or inaction(s) concerning plea negotiations and/or some Commonwealth plea offer, the same should additionally be deemed waived for purposes of the instant appeal because neither were any such collateral claims advanced by the Defendant's original PCRA motions at bar nor did Defendant Addams seek and obtain leave of court to pursue these collateral attacks, including but not limited to the following: "Miscarriage of Justice;" "Illegal sentence;" "Double jeopardy;" Denial of "due process;" and/or The supposed incompetence of the Defendant's most recent collateral counsel. *See* Defendant's Motion and Defendant's Supplemental Motion. *See also* Statement of Matters Complained, Nos. I-VI.

Similar to Defendant Addams' efforts to now enjoy appellate review of collateral claims that he did not aver by his current PCRA filings and otherwise request and/or have this court's permission to advance, the Superior Court has on appeal found waiver of such belatedly claimed error assignments.

> While Appellant was explicitly instructed that he could respond, and by law is authorized to file a response to the court's pre-dismissal notice, both *Williams,* 732 A.2d at 1191, and Pa.R.Crim.P. 905, suggest that in order to properly aver a new non-PCRA counsel ineffectiveness claim, the petitioner must seek leave to amend his petition. *See also [Commonwealth v.] Paddy*[, 609 Pa. 272, 15 A.3d 431 (2011)] [ …]; *Commonwealth v. Porter,* [613 Pa. 510, 523-24], 35 A.3d 4, 12 (2012) ("amendment is permitted only by direction or leave of the PCRA court."); *Commonwealth v. D'Amato,* 579 Pa. 490, 856 A.2d 806, 825 n. 19 (2004); [*Commonwealth v. ] Derrickson,* [923 A.2d 466,] 469 [(Pa.Super. 2007]. Having not sought permission to amend his petition to raise these new claims, the PCRA court was not required to address the issues and it did not. Hence, Appellant's final two claims do not entitle him to relief.

18

[*Commonwealth v.*] *Williams,* [557 Pa. 207, 252-53,] 732 A.2d [1167,] 1191 [1999].

*Commonwealth v. Rykard,* 55 A.3d 1177, 1192 (Pa.Super. 2012).

Any reasoned reading of the Defendant's most recent Motion for Post Conviction Relief and his Supplemental to the Motion of Post-Conviction Collateral Relief reveal only a challenge to the trial lawyer's stewardship attacking that which defense counsel did or did not do salient to plea negotiations and/or some prosecution plea offer, and the trial attorney's representational efforts thus supposedly fell beneath the constitutional standard articulated by the United States Supreme Court in *Lafler v. Cooper supra* and *Missouri v. Frye supra. See* Defendant's Motion, p. 3 and Defendant's Supplemental Motion, pp. 1, 2, 4, 5, 8, 9. The instant record is simply devoid of Defendant Addams seeking leave of this court to amend his current PCRA pleadings to reflect any additional collateral claims. Instead, and absent this court's permission, the Defendant in his Response to Commonwealths [*sic*] Notice of Intent to Dismiss Pursuant to Rule 907 and its appended Memorandum of Law for the first time at bar advanced the majority of those claims he now seeks to have reviewed on appeal, including a purported "miscarriage of justice" assertion and a "compulsory joinder" and/or double jeopardy prohibition to his multiple trials. *See* Defendant's Response. Albeit without leave of this court, Defendant Addams' Response did not even allege an "illegal sentence(s)," denials of "due process;" and/or the supposed incompetence of the Defendant's most recent collateral counsel, but rather the Defendant now raises these issues for the first time on appeal. *See* Defendant's Response. *See also* Statement of Matters Complained. Beyond the sweeping generalities of the vast majority of his appellate complaints, those error assignments in addition to this court's dismissal of his collateral challenge to trial counsel being ineffective in the context of plea negotiations and/or

19

related to some Commonwealth plea offer should be seen for purposes of the instant appeal as waived having been advanced without needed permission of court and/or raised in the initial instance only by the Defendant's statement of appellate complaints. *Id.*

Specific to Defendant Addams' sixth appellate complaint that his immediate past, appointed collateral counsel was professionally incompetent seemingly for concluding per his "No Merit Letter" that the Defendant's most recent PCRA claims were time barred and/or the apparently related claim the Defendant was in some manner "abandoned" by his lawyer, the same in addition to that set forth above should also be deemed waived as such assertions are for the first time being advanced on appeal. *See* "No Merit Letter," p. 10. *See also* Statement of Matters Complained, No VI, Defendant's Motion, Defendant's Supplemental Motion, and Defendant's Response. In *Commonwealth v. Henkel*, the Superior Court critically surveyed prior appellate decisions to determine whether a defendant was permitted to initially raise collateral counsel's alleged ineffectiveness on appeal from a PCRA pleading's dismissal. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014). The Superior Court resultantly concluded the decision of *Commonwealth v. Ford* that " ... a petitioner cannot raise PCRA counsel claims of ineffectiveness for the first time on appeal" was to stand. *Id.* at 90 A.3d at 28 *citing Commonwealth v. Ford*, 44 A.3d 1190, 1200-01 (Pa.Super. 2012). Defendant Addams' challenge to his most recent collateral lawyer's stewardship only now raised on appeal has been waived, even assuming that appellate review of this error assignment has not otherwise been waived due to its broad generality.[5] *Id. citing Commonwealth v. Ford supra* 44 A.3d at 1200. *See also Commonwealth v. Mann supra* 820 A.2d at 794.

---

[5] Assuming *arguendo* for those various reasons detailed above that the Defendant for purposes of the instant appeal has not waived his error assignment attacking immediate past collateral counsel's professionalism, *inter alia*, the case record as discussed *infra* clearly reveals the contentions raised by Defendant Addams' most recent PCRA filing

20

Regarding the one (1) appellate complaint the Defendant has properly preserved for review on the instant appeal, Defendant Addams contends it was error for this court to dismiss his most recent PCRA filings' claim that his trial attorney relevant to plea negotiations and/or some prosecution plea offer did not afford him constitutionally demanded effective assistance of counsel. *See* Defendant's Motion, p. 3. In support of this collateral challenge to his trial lawyer's stewardship and its statutory timeliness, the Defendant relied on the United States Supreme Court cases of *Lafler v. Cooper supra* and *Missouri v. Frye supra*. *See* Defendant's Motion, p. 3 and Defendant's Supplemental Motion, pp. 1, 2, 4, 5, 8, 9. A review of the material case records in combination with the well-settled principles of law applicable to these considerations reveals this error assignment of Defendant Addams to be meritless.

The law presumes trial counsel was not incompetent, and a defendant bears the burden to prove otherwise. *Commonwealth v. Uderra*, 550 Pa. 389, 400, 706 A.2d 334, 339 (1998) and *Commonwealth v. Burkholder*, 719 A.2d 346, 349 (Pa.Super. 1998). To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate as follows: 1) The claim(s) are of arguable merit; 2) Counsel had no reasonable basis for his or her action(s) and/or omission(s) in question; and 3) Counsel's action(s) and/or inaction(s) prejudiced the defendant in that there was a reasonable possibility that but for the act or omission challenged, the outcome of the proceedings would have been different. *Commonwealth v. Pierce*, 515 Pa. 153, 158, 527 A.2d 973, 975 (1987) *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). *See also Commonwealth v. Allen*, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999); *Commonwealth v. Fulton*, 574 Pa. 282, 291, 830 A.2d 567, 572 (2003) *citing Commonwealth v.*

---

are untimely as was concluded by the Defendant's lawyer. *See* "No Merit Letter," p. 10. Appointed counsel cannot be found ineffective for having failed to pursue baseless collateral claims. *Commonwealth v. Sneed*, 616 Pa. 1, 33, 45 A.3d 1096, 1115 (2012) and *Commonwealth v. Hutchinson*, 521 Pa. 482, 488, 556 A.2d 370, 372 (1989).

21

*Pierce*, 567 Pa. 186, 202, 786 A.2d 203, 213 (2001); *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999); and *Commonwealth v. Neal*, 421 Pa.Super. 478, 482, 618 A.2d 438, 440 (1992). A defendant bears the burden of proving all three (3) prongs of this ineffectiveness standard and failure to establish even just one of these requisites warrants dismissal of the collateral claim without further consideration of the other two (2) additional, necessary proofs. *Commonwealth v. Robinson*, 583 Pa. 358, 369, 877 A.2d 433, 439 (2005).

The *Strickland* standard encompasses all constitutionally cognizable claims of counsel's ineffective assistance. Under the *Strickland* benchmark, an allegation of a defense attorney's incompetence cannot be proven without a finding of prejudice that except for the challenged act or omission, the proceedings' outcome would have been different. *Commonwealth v. March*, 528 Pa. 412, 414, 598 A.2d 961, 962 (1991) and *Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986).

The United States Supreme Court has long recognized that the Sixth Amendment right to counsel includes an entitlement during plea negotiations to " ... the effective assistance of competent counsel." *Lafler v. Cooper supra* 132 S.Ct. at 1384 *citing Missouri v. Frye supra* 132 S.Ct. at 1399; *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985); and *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441 (1970). To establish the required *Strickland* prejudice in the context of having decided to proceed to trial rather than accept the prosecution's plea agreement, a defendant must show the following: 1) The reasonable possibility that but for counsel's competence he would have accepted the Commonwealth's plea offer agreement; 2) The prosecution in light of intervening circumstances, if any, would have not withdrawn its plea offer; 3) The trial court would have accepted the plea agreement and imposed sentence in accord with its terms; and 4) Under the plea offer's terms,

22

the conviction or sentence would have been less severe than that of the Judgment of Sentence actually imposed. *Lafler v. Cooper supra* 132 S.Ct. at 1385. *See also Missouri v. Frye supra* 132 S.Ct. at 1409. Assuming a defendant sufficiently proves his lawyer's incompetence and adequately establishes each of the four (4) above described factors encompassing the necessary prejudice, the remedy afforded is a function of the particular case circumstances and can range from resentencing at the court's discretion through the court directing that the prosecution re-extend its past plea agreement offer. *Lafler v. Cooper supra* 132 S.Ct. at 1389.

A defendant must file a PCRA petition, including a second or subsequent one(s) within one (1) year from the date Judgment of Sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A sentencing judgment becomes final for purposes of the Post Conviction Relief Act " … at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This otherwise mandated one (1) year filing date is excused only if a defendant alleges and proves one of the statutory exceptions as set forth in subsections (i), (ii) and/or (iii), relating to government interference, newly discovered evidence, or a constitutional right recognized by the federal and/or state Supreme Courts that is applied retroactively. 42 Pa.C.S. § 9545(b)(1)(i)(ii)(iii). Even should one or more of these enumerated exceptions to the one (1) year lodging requisite attach, a defendant for purposes of the court's necessary jurisdiction must file any such collateral pleading " … within 60 days of the date the claim could have been presented." 42 Pa.C.S.§ 9545(b)(2).

The Superior Court has repeatedly held second or subsequent PCRA petitions untimely when such collateral pleadings were not filed within one (1) year after a defendant's Judgment of Sentence became final. *Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super. 2008) and

23

*Commonwealth v. Davis*, 916 A.2d 1206, 1208-09 (Pa.Super. 2007). Moreover, a second or additional PCRA petition will only be considered if a defendant demonstrates that the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate, or a defendant is innocent of the convicted crimes.[6] *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988) and *Commonwealth v. Szuchon*, 543 Pa. 483, 633 A.2d 1098 (1993).

Salient to No. 4347-96, the Supreme Court of Pennsylvania on October 6, 1998, denied the Defendant's Petition for Allowance of Appeal. Hence, after recognizing the ninety (90) day period for filing a Petition for Writ of Certiorari with the United States Supreme Court, Judgment of Sentence regarding No. 4347-96 became final, January 4, 1999. 42 Pa.C.S. § 9545(b)(3). *See also* Sup.Ct.R. 13.1. As for matter No. 1171-97, the Pennsylvania Supreme Court on May 4, 1999, denied Defendant Addams' Petition for Allowance of Appeal. Hence, again recognizing the ninety (90) day period for the lodging of a Petition for Writ of Certiorari with the United States Supreme Court, the Judgment of Sentence in No. 1171-97 became final, August 2, 1999. *Id.*

In order to satisfy the Post Conviction Relief Act's one (1) year filing mandate, Defendant Addams was thus required to lodge his PCRA pleading in No. 4347-96 within one (1) year of January 4, 1999, and salient to case No. 1171-97, no later than August 2, 2000. *See* 42 Pa.C.S. § 9545(b)(3). The instant motions were lodged some approximate twelve (12) years

---

[6] At least through his most recent PCRA pleadings, the Defendant does not maintain his innocence. To the contrary, in his statement to Detective Hughes, the Defendant acknowledged perpetrating some ten (10) armed robberies about Delaware County. *See* Defendant's Response, Exhibit A-1. The lawfulness of this statement has withstood past direct and collateral scrutiny at every level of the Pennsylvania judiciary.

From its present and past reviews of these cases' direct and collateral records, this court has not noted individually and/or collectively any circumstance remotely warranting the conclusion that Defendant Addams' convictions were so unfair that a "miscarriage of justice" occurred that no civilized society should tolerate.

24

beyond the dates his sentencing judgments at bar became final and accordingly, these collateral filings on their face are patently untimely.

Given that the Defendant's PCRA claims at bar are grounded on the United States Supreme Court opinions of *Lafler v. Cooper supra* and *Missouri v. Frye supra*, appointed counsel on his behalf advanced that the instant motion(s) was lodged within sixty (60) days of the March 21, 2102, date these Supreme Court cases were decided. *See* "No Merit Letter," p. 10. This court readily acknowledges that within sixty (60) days of the *Lafler supra and Frye supra* United States Supreme Court opinions, Defendant Addams lodged of-record the PCRA motion(s) at bar. *See* 42 Pa.C.S. § 9545(b)(1)(2).

While after the one (1) year filing mandate a defendant may lodge a collateral pleading no more than sixty (60) days subsequent to the United States Supreme Court or the Supreme Court of Pennsylvania recognizing the constitutional right being asserted, those claimed rights must be held by the Supreme Court of the United Stated and/or the Pennsylvania Supreme Court to have retroactive application for an otherwise belated collateral filing to fall within the relevant exception to the Post Conviction Relief Act's one (1) year lodging deadline necessary to the court's jurisdictional authority. 42 Pa.C.S. § 9545(a)(b)(1)(iii). *See also Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa.Super. 2007) *citing Commonwealth v. Murray*, 562 Pa. 1, 4, 753 A.2d 201, 203, (2000). However, those constitutional rights discussed and detailed by the United States Supreme Court in its opinions of *Lafler v. Cooper supra* and/or *Missouri v. Frye supra* on which Defendant Addams relies were neither then applied by the Supreme Court of the United States retroactively nor thereafter afforded retroactive applicability by the courts.

In the case of *In re Perez*, 682 F.3d 930, 931-32 (11th Cir. 2012), the United States 11th Circuit Court of Appeals was called on to determine whether the United States Supreme Court's

25

*Lafler supra* and *Frye supra* opinions promulgated a new rule of constitutional law and if so, whether any such newly recognized constitutional right had retroactive application. After observing that the Supreme Court did not directly address in *Lafler supra* and *Frye supra* if those holdings promulgated new constitutional law and/or applied retroactively, the federal appeals court determined that the " ... language in *Lafler* and *Frye* confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context." *Id.* at 932 *quoting Missouri v. Frye supra* 132 S.Ct. at 1409 and *Lafler v. Cooper supra* 132 S.Ct. at 1384. The 11th Circuit Court of Appeals relatedly opined that the Supreme Court " ... has long recognized that *Strickland's* two-part standard applies to 'ineffective assistance of counsel claims arising out of the plead process.' " *Id.* citing *Hill v. Lockhart supra* 474 U.S. at 57, 106 S.Ct. at 370. Accordingly, the federal appeals court concluded that in *Frye supra* and *Lafler supra* the Supreme Court did not announce a retroactively applicable new rule of constitutional law. *Id.* at 933-34.

Similarly, the 7th Circuit United States Court of Appeals in the matter of *Hare v. United States*, 688 F.3d 878-79 (7th Cir. 2012) reviewed the *Frye supra* and *Lafler supra* United States Supreme Court cases to determine whether these opinions created a new rule of constitutional law made retroactive to cases on collateral review. This federal appeals court also concluded that in *Frye supra* the Supreme Court " ... merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, (1984), and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985)." *Id.* at 879. The 7th Circuit Court of Appeals relatedly opined that under various factual circumstances the right to effective assistance of counsel in plea negotiations has long been recognized. *Id.* at 879. The federal appeals court

26

went on to determine that Defendant Hare's ineffective assistance of counsel claim asserted under *Frye* had been available to him years past and did not excuse his failure to previously lodge a timely collateral pleading. *Id.* at 881.

In the case of *United States v. Thompson*, 2013 WL 6022063 at 1-2 (W.D.Pa.) the federal district court reviewed the *Lafler supra* and *Frye supra* Supreme Court opinions in the context of determining whether the defendant filed a collateral pleading as required within one (1) year of his conviction becoming final. After recounting an almost forty (40) year history of United States Supreme Court decisions recognizing, addressing, and clarifying the right to effective assistance of counsel throughout plea negotiations, the court concluded as follows:

> Accordingly, rather than 'creating' a newly recognized right to the 'effective assistance of counsel during the plea bargaining process,' both *Lafler* and *Frye* merely applied the long-standing test for ineffective assistance of counsel that was adopted in *Strickland*, and subsequently held in *Hill* and *Padilla* to govern claims of ineffective assistance of counsel during the critical plea bargaining phase, to different legal questions. Unlike *Hill* and *Padilla*, in which the defendants allege that their counsel provided incorrect legal advice resulting in their *acceptance* of unfavorable plea agreements, the defendant in *Lafler* alleged that ineffective assistance of counsel caused him to *reject* a favorable plea offer leading to a conviction following a trial and a significantly higher sentence that had been offered in the rejected plea, ... .

*Id.* at 3-4.

This federal court as well noted that without exception every appellate court in reviewing *Lafler supra* and *Frye supra* concluded that these Supreme Court opinions did not recognize a new right retroactively applicable to cases on collateral review. *Id.* at 4. *citing In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States supra* 688 F.3d 878; *Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012); *In re Perez supra* 682 F.3d 930; *United States v. Lawton*, 506 Fed.Appx. 722 (10th Cir. 2012); and *Williams v. United States*, 705 F.3d 293 (8th Cir. 2013).

27

Most dispositive at bar, the Pennsylvania Superior Court examined the *Lafler v. Cooper supra* and *Missouri v. Frye supra* decisions to determine the two (2) cases' retroactive application, if any. In *Commonwealth v. Lewis*, the Superior Court held as other courts have also found that:

> The right to effective assistance of counsel during the plea bargaining process has been recognized for decades. *See, e.g., McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (during plea negotiations, criminal defendants 'are entitled to the effective assistance of competent counsel'); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that 'the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel'); *Padilla v. Kentucky*, 559 U.S. 356, 364, 130 S.Ct. 1473, 1480–81, 176 L.Ed.2d 284 (2010) ('Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel.') (citation omitted); *see also Commonwealth v. Monica*, 528 Pa. 266, 274, 597 A.2d 600, 603 (1991) (when a defendant seeks to waive his right to counsel, 'a trial judge must thoroughly inquire on the record into an accused's appreciation of the right to effective assistance of counsel and to represent oneself at trial, at guilty plea hearings, at sentencing and at every critical stage of a criminal proceeding'); *Commonwealth v. Garcia*, 23 A.3d 1059, 1064-65 (Pa.Super. 2011), *appeal denied*, 614 Pa. 710, 38 A.3d 823 (2012) (recognizing 'a criminal defendant's long-standing constitutional right to the effective assistance of counsel during the guilty plea process,' citing cases).

*Commonwealth v. Lewis*, 63 A.3d 1274, 1280 (Pa.Super. 2013).

Further reviewing *Lafler supra* and *Frye supra*, the Superior Court in *Commonwealth v. Feliciano* similarly once more concluded that "[i]t is apparent that neither *Frye* nor *Lafler* created a new constitutional right. Instead, these decisions simply applied the Sixth Amendment right to counsel, and the *Strickland* test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment." *Commonwealth v. Feliciano*, 69 A.3d 1270, 1276 (Pa.Super. 2013). *See also Commonwealth v. Hernandez*, 79 A.3d 649, 653-655 (Pa.Super. 2013). The Superior Court accordingly held for purposes of collateral litigation that a

28

defendant's " ... reliance on *Frye* and *Lafler* in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing." *Commonwealth v. Feliciano supra* 69 A.3d at 1277. *See also Commonwealth v. Hernandez supra* 79 A.3d at 653-655.

To lawfully invoke the court's jurisdiction a collateral pleading otherwise lodged beyond the Post Conviction Relief Act's one (1) year filing requisite must be submitted of record within sixty (60) days of the United States Supreme Court recognizing a constitutional right on which the PCRA motion is grounded **AND** any such right asserted must have been held by the Supreme Court to have retroactive application. 42 Pa.C.S. § 9545(b)(1)(iii)(Emphasis added.) Defendant Addams' PCRA motion(s) at bar was on its face untimely, and the Defendant failed to plead facts, that if proven, satisfied the material exception to the Post Conviction Relief Act's general one (1) year filing mandate recognizing that the United States Supreme Court's constitutional teachings of *Lafler v. Cooper supra* and *Missouri v. Frye supra* are clearly without retroactive effect. *Commonwealth v. Feliciano supra* 69 A.3d at 1277 and *Commonwealth v. Hernandez supra* 79 A.3d at 653-655. *See also* 42 Pa.C.S. § 9545(b)(1)(iii).

The statutory time-bar set forth in the Post-Conviction Relief Act's section 9545 is mandatory as well as jurisdictional in nature and hence, may not be altered or disregarded to reach the merits of claims raised in a belated collateral filing. *Commonwealth v. Taylor supra* 933 A.2d at 1038 *citing Commonwealth v. Murray supra* 562 Pa. at 4, 753 A.2d at 203. *See also* 42 Pa. C.S. § 9545. Courts simply cannot adjudicate those issues raised in an untimely PCRA petition. *Commonwealth v. Brown*, 596 Pa. 354, 359-60, 943 A.2d 264, 267 (2008) and *Commonwealth v. Crews*, 581 Pa. 45, 50-51, 863 A.2d 498, 501 (2004). *See also Commonwealth v. Beasley*, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). This court lacked the

requisite jurisdiction necessary to deciding the merits, if any, of Defendant Addams' most recent collateral filings. *Id. See also Commonwealth v. Murray supra* 562 Pa. at 4, 753 A.2d at 203.[7]

By the plain terms of his most recent PCRA motion(s), Defendant Addams acknowledged having been aware of some proffered Commonwealth plea agreement prior to trial in case No. 4347-96. *See* Defendant's Motion, p. 3. Moreover, the Defendant relatedly averred that this guilty plea agreement was made known of record to him by the presiding trial judge. *See* Defendant's Motion, p. 3. *See also* Defendant's Response – Exhibit D-1-2. Despite being unquestionably put on notice by the presiding judge in March 1997 about the plea offer he now employs to attack his trial attorney, Defendant Addams did not in his previous four (4) collateral filings material to No. 4347-96 and/or his three (3) past PCRA pleadings regarding No. 1171-97 advance any claim grounded in his lawyer's purported incompetent representation relevant to the plea bargaining process and/or some prosecution plea agreement. Instead, the Defendant while asserting numerous and varied collateral challenges through the lodging of multiple PCRA filings both before the trial court and in resultant appeals raised no such contention until his most recent motion(s).

Section 9543 of the Post-Conviction Relief Act (PCRA), *inter alia*, provides to be eligible for relief a defendant must establish by a preponderance of the evidence that the conviction(s) resulted from one or more of the Act's specifically enumerated errors and/or defects and that such have not been waived. *See* 42 Pa.C.S.A. § 9543(a)(1)(2)(3). *See also*

---

[7] Assuming *arguendo*, Defendant Addams has not waived appellate review of the vast majority of his error assignments for those reasons set forth prior, these collateral assertions were advanced untimely, and the Defendant has not averred let alone adequately established the applicability of a salient statutory exception to the Post Conviction Relief Act's one (1) lodging mandate. 42 Pa.C.S. § 9545(b)(1)(i)(ii)(iii)(2)(3). Like Defendant Addams' challenge to his trial lawyer's stewardship relevant to the plea bargaining process and/or some prosecution plea offer, this court resultantly lacked requisite jurisdiction to adjudicate any such collateral claims. *Commonwealth v. Brown supra* 596 Pa. at 359-60, 943 A.2d at 267 and *Commonwealth v. Murray supra* 562 Pa. at 4, 753 A.2d at 203.

*Commonwealth v. Banks*, 540 Pa. 143, 148-149, 656 A.2d 467, 469 (1995). A collateral claim is waived for purposes of the Post-Conviction Relief Act " ... if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding." 42 Pa.C.S. § 9544(b).

The claims Defendant Addams asserts via the collateral motion(s) at bar about some plea agreement have for some seventeen (17) years been known to him. *See* Defendant's Motion, p. 3. *See also* Defendant's Response – Exhibit D-1-2. "The Supreme Court's recent decision of *Frye* and [*Lafler*] may have reminded [the Defendant] of this issue, but they did not create a new rule of law and do not excuse his prior failure to [include such in] his prior successive petitions." *Hare v. United States supra* 688 F.3d at 881.

Having failed to raise the issue of his trial attorney's alleged ineffectiveness in the context of plea negotiations and/or some prosecution plea offer " ... before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding ... , the Defendant has waived any such collateral challenge, assuming *arguendo* this court even enjoys requisite jurisdiction.[8] 42 Pa.C.S. § 9544(b). *See also* 42 Pa.C.S. § 9543(a)(4).

"The right to an evidentiary hearing on a post-conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petition's claim is patently frivolous and without a trace of support in either the record or from other evidence." *Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa.Super. 2002) *citing Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super. 2001). "The controlling factor in determining whether a petition may be dismissed

---

[8] Even assuming the bulk of the Defendant's error assignments for those reasons detailed prior are not deemed waived on the instant appeal, Defendant Addams' failure to previously advance these collateral challenges in his numerous past *pro se* PCRA filings operates as a Post Conviction Act waiver. 42 Pa.C.S. § 9544(b). Similar to his assertion that trial counsel was professionally incompetent regarding the plea bargaining process and/or some Commonwealth plea offer, this statutory waiver as well renders the Defendant ineligible for collateral remedy based on any of these additional, belatedly raised claims. 42 Pa.C.S. § 9543(a)(3).

31

without a hearing is the status of the substantive assertions in the petition." *Id.* at 906 *quoting*

*Commonwealth v. Weddington,* 514 Pa. 46, 50, 522 A.2d 1050, 1052 (1987).

The Superior Court has held that appellate review of a PCRA's dismissal is conducted:

> [I]n the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett,* 5 A.3d 1260, 1267 (Pa.Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id.* We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id.* This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id.* We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter,* 21 A.3d 680, 682 (Pa.Super. 2011). However, we afford no such deference to its legal conclusions. *Commonwealth v. Paddy,* 609 Pa. 272, 15 A.3d 431, 442 (2011); *Commonwealth v. Reaves,* 592 Pa. 134, 923 A.2d 1119, 1124 (2007). Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Colavita,* 606 Pa. 1, 993 A.2d 874, 886 (2010).

*Commonwealth v. Rykard supra* 55 A.3d at 1183 *quoting Commonwealth v. Ford supra* 44 A.3d at 1194.

Salient to Defendant Addams' claim that his trial lawyer was ineffective regarding plea negotiations and/or did not provide him competent counsel about some Commonwealth plea agreement, this court in light of the foregoing concluded that no reasoned purpose would be served by any further proceedings as there were no genuine issues of material fact, it lacked necessary jurisdiction, the instant collateral claims had otherwise been waived, and resultantly, the Defendant was not entitled to Post Conviction Act remedy. These findings of this court are amply supported by the instant case records, and it committed no related legal error. *Id.*

32

For all of these reasons, this court's dismissal, absent a hearing, of Defendant Addams' most recent collateral filings should be affirmed.

**BY THE COURT:**

Kevin P. Kelly                    J.

FILED
2014 AUG -8 AM 9:56
OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA

33